Sneed, J.,
delivered the opinion of the Court.
An indictment not authenticated by the official signature of the Attorney General, is a nullity. It is not essential that the signature of the officer should be *275 placed at the end of the indictment. It is sufficient if it appear on some other part of the paper, provided it appear beyond doubt that the attestation relates to the indictment and every part thereof, and identifies the same as the act and accusation of the government, done through its sworn officer. The object of the signature is to give , dignity and verity to the paper, as a public act, having the sanction of the government. In the case of Fout v. The State, 3 Hay., 28, it was determined that no bill of indictment should be sent to the grand jury without the sanction and approbation of the Attorney General proved by his signature on some part of the indictment. In the case of Hite v. The State, 9 Yer., 202, Judge Turley says: We not only admit the authority of the case of Fout v. The State, but concur in the opinion.”
We do not say it is absolutely necessary that the signature should be at the conclusion of the bill; but it must be on it, and must show that it is intended to cover all the counts contained therein: 9 Yer.; 202; et vide Teas v. The State, 7 Hum,, 174; Staggs v. The State, 3 Hum., 373. The statute requires that upon every indictment the Attorney General shall indorse the names of such witnesses as he wishes summoned in the case, and sign his name to said memorandum: Code, 5596. This has been done in this case; and it is insisted that this signature to the memorandum, upon the back of the indictment, is an official authentication of the whole paper. This memorandum and signature have their appropriate office, and none other. They do not purport to give, nor do they give, *276 the official sanction to tbe accusation of crime contained on the face of the indictment. They constitute a mere direction to the Clerk to summon the witnesses whose names are therein given, and may or may not have been placed there after the finding of the bill, and its return by the grand jury into court. But, however this may be, it is not such a signing as the law contemplates.
The judgment of the Judge of the Criminal Court, •quashing the indictment, is affirmed.