The State, Plaintiff in Error, *v.* A. W. Walker, Defendant in Error.*

(*Knoxville,* September Term, 1932.)

Opinion filed November 26, 1932.

*As to sufficiency of signature of prosecuting attorney, see annotation in L. R. A., 1917B, 287; 30 A. L. R., 719; 14 R. C. L., 168; R. C. L. Perm. Supp., p. 3554.

Nat Tipton, Assistant Attorney-General, for plaintiff in error.

Kramer & Kramer, for defendant in error.

Mr. Justice Cook delivered the opinion of the Court.

The defendant was arraigned for larceny, taking and carrying away in February, 1930, "one dark brown Jersey, cow." He pleaded in abatement. Inspection of the original, made part of the record, shows that the indictment was not signed. The name of the district attorney general was printed at the end of it. The trial judge sustained the plea in abatement and discharged the defendant. The State appealed. The district attorney general testified:

"That he is District Attorney General and that Ed Watkins is his assistant. That before the indictment was returned in this case he specifically discussed the facts of the case with his assistant and asked him to investigate the facts and return an indictment basing his grounds from the fact that the prosecutor was a colored man and it appearing that the defendant had wronged him in taking his cow; that he now ratifies and adopts the printed name on the indictment.

"That he did not specifically tell or instruct the Assistant Attorney General to sign his name on the back of said indictment but that he does now ratify and adopt said signature."

The district attorney general is given power to make accusation by indictment submitted for action by the grand jury. His official signature of authentication to the indictment, by whatever mode it is made, is a symbolic exercise of the sovereign power to accuse for crime. We quote from *Fout* v. *State,* 3 Haywood, 98:

". . . no indictment ought to be sent to the grand jury without the sanction and approbation of the solicitor-general, proved by his signature on some part of the bill. He is to judge between the people and the government; he is to be the safeguard of the one and the ad-

vocate for the rights of the other; he ought not to suffer the innocent to be oppressed or vexatiously harassed, any more than those who deserve prosecution to escape; he is to pursue guilt; he is to protect innocence: he is to judge of circumstances, and, according to their true complexion, to combine the public welfare and the safety of the citizens, preserving both, and not impairing either; he is to decline the use of individual passions, and individual malevolence, when he cannot use them for the advantage of the public; he is to lay hold of them where public justice, in sound discretion, requires it.''

It is the duty of this measurably powerful representative of the State to exercise discretion in presenting accusations to the grand jury, the object being to guard the real ends of public justice. That can best be done by avoiding groundless accusation with the same degree of fervor used in accusing criminals. The duty, as related to accusation, is official, not mechanical. It must be done by an officially authenticated act, not through mechanical contrivance. Indictments cannot be delivered to the grand jury through a printing press with the same indifference that the operative produces tidbits by use of a candy making machine or safety pins through an automatic contrivance that takes wire from a spool and returns the finished article—all subject to subsequent inspection and approval as firsts, seconds, or culls.

The object of the authenticated signature to an indictment is to give it official verity and approval, to indicate that it is the officially approved act of the State speaking through its duly constituted representative.

After the indictment is challenged by the defendant and subjected to the scrutiny of the court, the district attorney general cannot give vitality to an unauthenti-

cated and unofficially approved indictment by a subsequent inspection followed by his declaration of approval. The indictment was void when reported. *State* v. *Lockett*, 3 Heisk., 274.

Affirmed.