# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

### JULY SESSION, 1998

FILED

August 17, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| MICKEY A. BROWN, | ) | C.C.A. NO. 03C01-9707-CR-00280 |
| | ) | |
| Appellant, | ) | |
| | ) | |
| | ) | JOHNSON COUNTY |
| VS. | ) | |
| | ) | HON. LYNN W. BROWN |
| STATE OF TENNESSEE, | ) | JUDGE |
| | ) | |
| Appellee. | ) | (Habeas Corpus) |

## ON APPEAL FROM THE JUDGMENT OF THE CRIMINAL COURT OF JOHNSON COUNTY

FOR THE APPELLANT:

MICKEY A. BROWN, PRO SE
130138 NECX
P.O. Box 5000
Mountain City, TN 37683

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

SANDY C. PATRICK
Assistant Attorney General
425 5th Avenue North
Nashville, TN 37243

DAVID E. CROCKETT
District Attorney General
Route 19, Box 99
Johnson City, TN 37601

OPINION FILED _____

AFFIRMED

DAVID H. WELLES, JUDGE

# **OPINION**

The Defendant, Mickey A. Brown, appeals as of right from the dismissal of his petition for habeas corpus relief. The Defendant is an inmate in the custody of the Department of Correction. According to his petition, on July 26, 1985, he pleaded guilty to and was convicted of one count of assault with intent to commit murder in the first degree and was sentenced to a prison term of twenty (20) years. In this pro se appeal, Defendant contends that his conviction is void because the indictment was fatally defective due to the fact that the district attorney general failed to sign the indictment. The trial court summarily dismissed the habeas corpus petition, finding that it failed to state a claim upon which relief can be granted. We affirm the judgment of the trial court.

Habeas corpus relief is available only when a convicting court is without jurisdiction or authority to sentence a defendant or when that defendant's term of imprisonment or restraint has expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993).

The Defendant vigorously asserts that the trial court was without jurisdiction to sentence him because his conviction was void due to the fact that the indictment did not contain the signature of the district attorney general. [1]

---

[1] The Defendant relies on State v. Walker, 54 S.W.2d 966, 967 (Tenn. 1932), as authority for the proposition that an indictment not signed by the district attorney is void. In Walker, it appears that an assistant district attorney, without specifically being told or instructed to do so, signed or printed the district attorney's name on an indictment. On

During the pendency of this appeal, the State supplemented the record with certified copies of the indictment at issue. Although the three-count indictment does not contain the district attorney's signature at the end of each count, the indictment does contain the signature of the district attorney at the end of the last count of the indictment. The counts were consecutively numbered and it is quite logical to reason that the district attorney's signature was intended to cover all the counts contained in the indictment. In State v. Lockett, our supreme court explained, "It is not essential that the signature of the officer should be placed at the end of the indictment. It is sufficient if it appear on some other part of the paper, provided it appear beyond doubt that the attestation relates to the indictment and every part thereof, and identifies the same as the act and accusation of the government, done through its sworn officer." 50 Tenn. (3 Heisk.) 274-75 (1871); see also Steve Carroll v. Howard Carlton, Warden, C.C.A. No. 03C01-9611-CR-00420, Johnson County (Tenn. Crim. App., Knoxville, Jan. 21, 1998). We cannot conclude that the indictment was defective.

In addition, we agree with the trial court's decision that the petition failed to state grounds upon which relief could be granted. Defenses and objections based on defects in the indictment must be raised prior to trial, unless the claim relates to the failure of the trial court to have jurisdiction or failure of the indictment to charge an offense. Tenn. R. Crim. P. 12(b)(2). Notwithstanding the fact that we have concluded the signature in the case sub judice to be proper, this Court has consistently held that a district attorney's failure to sign an

the facts of that case, the supreme court stated that the indictment was "void when reported." This court has noted "that this case should be strictly limited to its facts, construed in conjunction with the circumstances and statutes in existence at that time, and not in the light of present day conditions, evolving case law, and the statutes presently in effect." State v. Taylor, 653 S.W.2d 757, 759 (Tenn. Crim. App. 1983).

indictment would not deprive the trial court of jurisdiction. <u>See</u>, <u>e.g.</u>, <u>State v. Roy Danny Mayo</u>, C.C.A. No. 01C01-9308-CC-00287, Cheatham County (Tenn. Crim. App., Nashville, Oct. 20, 1994); <u>State v. Anthony Nixon a/k/a "Dirt", et. al</u>, C.C.A. No. 02C01-9612-CC-00484, Lauderdale County (Tenn. Crim. App., Jackson, Dec. 3, 1997); <u>Ricky S. Cotton v. State</u>, C.C.A. No. 03C01-9611-CR-00422, Johnson County (Tenn. Crim. App., Knoxville, Dec. 23, 1997); <u>William Perry Thompson v. Howard Carlton, Warden</u>, C.C.A. No. 03C01-9611-CR-00395, Johnson County (Tenn. Crim. App., Knoxville, Jan. 22, 1998). We therefore conclude that the failure to raise the issue prior to trial constitutes a waiver of the issue.

The judgment of the trial court is accordingly affirmed.


_____
DAVID H. WELLES, JUDGE


CONCUR:


_____
GARY R. WADE, PRESIDING JUDGE


_____
JOSEPH M. TIPTON, JUDGE