IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs December 14, 2004

## STEVIE W. CALDWELL v. VIRGINIA LEWIS, WARDEN

**Direct Appeal from the Circuit Court for Bledsoe County**
**No. 8-2004     Thomas W. Graham, Judge**

---

**No. E2004-00772-CCA-R3-HC - Filed February 28, 2005**

---

The petitioner, Stevie W. Caldwell, was convicted in 1995 in the White County Criminal Court of first degree felony murder, aggravated arson, and conspiracy to commit arson against personal property, for which he was sentenced, respectively, to life, nineteen years, and six months, to be served concurrently. In a *pro se* petition for writ of habeas corpus, he claimed that the indictment was defective, thereby depriving the trial court of subject matter jurisdiction. The trial court dismissed the petition, and this timely appeal followed. After review, we affirm the dismissal.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and JAMES CURWOOD WITT, JR., J., joined.

Stevie W. Caldwell, Pikeville, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; Seth P. Kestner, Assistant Attorney General; James Michael Taylor, District Attorney General; and James W. Pope, III, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### PROCEDURAL HISTORY

The petitioner's convictions and sentences were affirmed by this court on direct appeal in State v. Caldwell, 977 S.W.2d 110 (Tenn. Crim. App. 1997). On November 9, 1998, the petitioner filed a petition for post-conviction relief, the denial of which we affirmed in Randy Caldwell & Stevie W. Caldwell v. State, No. M2001-00334-CCA-R3-PC, 2002 WL 31730875 (Tenn. Crim.

App. Dec. 4, 2002), perm. to appeal denied (Tenn. May 12, 2003).[1] The petitioner filed a petition for writ of habeas corpus on December 17, 1999, alleging that the judgments against him were void because of a faulty indictment, which he alleged "failed to inform him that he was being tried for the conduct of his brother, a codefendant, failed to inform him under which theory of criminal responsibility he was being charged, and alleged arson, not aggravated arson." In an order of this court filed on September 25, 2000, pursuant to Rule 20 of the Rules of the Court of Criminal Appeals, we concluded that the claims had no merit, affirming the trial court's summary dismissal of the petition.

On February 20, 2004, the petitioner filed a second petition for writ of habeas corpus, raising as the sole issue the claim that the "face of the indictment" was defective because "it lists 'Terry Hembree' as the prosecutor and then lists him as a 'state witness,' and an investigator for the District Attorney's Office," which constituted a violation of his "right to due process and a fair trial" under the Tennessee and United States Constitutions. On March 5, 2004, the trial court dismissed the petition without a hearing, finding the petitioner's argument "wholly without merit," and that "[t]here is nothing improper about a State investigator being the prosecutor when a crime is discovered nor is there anything improper about a prosecutor being a State's witness." This appeal ensued.

## ANALYSIS

The sole issue raised by the petitioner on appeal is whether the indictment was so defective that it deprived the trial court of jurisdiction, thereby rendering the trial court's judgments void. Because the determination of whether habeas corpus relief should be granted is a question of law, our review is *de novo* with no presumption of correctness given to the trial court's findings. See McLaney v. Bell, 59 S.W.3d 90, 93 (Tenn. 2001); Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000).

The remedy provided by a writ of habeas corpus is limited in scope and may only be invoked where the judgment is void or the petitioner's term of imprisonment has expired. State v. Ritchie, 20 S.W.3d 624, 629 (Tenn. 2000); State v. Davenport, 980 S.W.2d 407, 409 (Tenn. Crim. App. 1998). A void, as opposed to a voidable, judgment is "one in which the judgment is facially invalid because the court did not have the statutory authority to render such judgment." Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998); see also Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). The judgment of a court of general jurisdiction is conclusive and presumed to be valid, and such a judgment can only be impeached if the record affirmatively shows that the rendering court was without personal or subject matter jurisdiction. Archer v. State, 851 S.W.2d 157, 162 (Tenn. 1993). Thus, habeas corpus relief is available only when "'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment . . . has expired." Id. at 164 (citation omitted).

---

[1] The underlying facts supporting the petitioner's convictions were set forth in our opinion on direct appeal as well as our opinion denying post-conviction relief. We do not find it necessary to set forth those facts a third time.

Although in most instances a challenge to the sufficiency of an indictment is not a proper claim to raise in a habeas corpus proceeding, see Haggard v. State, 475 S.W.2d 186, 187-88 (Tenn. Crim. App. 1971), "the validity of an indictment and the efficacy of the resulting conviction may be addressed in a petition for *habeas corpus* when the indictment is so defective as to deprive the court of jurisdiction," Dykes, 978 S.W.2d at 529. "A valid indictment is an essential jurisdictional element, without which there can be no prosecution." Id. (citations omitted). Alleged defects in an indictment other than those which deprive the court of jurisdiction or fail to charge an offense must be brought to the attention of the court pretrial under Rule 12(b)(2), Rules of Criminal Procedure. Otherwise, they are waived. See Tenn. R. Crim. P. 12(b)(2), (f).

The petitioner argues that the indictment in this case was fatally defective, thereby robbing the convicting court of jurisdiction and rendering the judgments void on their face, because it was signed by Terry L. Hembree as the prosecutor and because Terry Hembree, listed as a State witness, was also denoted as the "13th Jud. Dist. Investigator." We note that William E. Gibson signed the indictment as the District Attorney General. The State responds that the petitioner has not asserted that his sentence has expired, nor is there any evidence that the convicting court was without jurisdiction or authority to sentence the petitioner.

As we have determined previously, the indictment clearly apprised the petitioner with notice of the offenses with which he was being charged and provided the trial court with adequate grounds on which to enter a proper judgment. See Tenn. Code Ann. § 40-13-202; Wyatt v. State, 24 S.W.3d 319 (Tenn. 2000). Moreover, we find no defect which would deprive the trial court of jurisdiction over the defendant. We note that the indictment contained the name of the prosecutor as required by law, see Tenn. Code Ann. § 39-13-103, and was signed by the district attorney general, see State v. Walker, 54 S.W.2d 966 (Tenn. 1932). Additionally, the foreman of the grand jury endorsed on the indictment the names of the witnesses so sworn by the foreman and also signed the indictment. See Tenn. Code Ann. § 40-13-107. The petitioner cites no authority for the assertion that a state investigator cannot also be a witness before the grand jury, and we note that Tennessee Code Annotated section 40-12-104(a) provides that "[a]ny person having knowledge or proof of the commission of a public offense triable or indictable in the county may testify before the grand jury."

Additionally, the alleged "defects" in no way deprived the White County Criminal Court of jurisdiction, nor did they result in the indictment's failing to put the petitioner on notice of the crimes with which he was charged. The judgments would be, at best, voidable, which means they are "facially valid and require[] proof beyond the face of the record or judgment to demonstrate [their] voidableness." Dykes, 978 S.W.2d at 529. Voidable judgments are not a proper basis for habeas corpus relief. Id. Accordingly, we affirm the dismissal of the petition.

## CONCLUSION

Based on the foregoing reasoning and authorities, we affirm the trial court's dismissal of the petition for writ of habeas corpus.

_____
ALAN E. GLENN, JUDGE