WILLIAM H. HAGGARD, Petitioner, v. STATE OF TENNESSEE, Respondent. —475 S.W.2d 186.

October 14, 1971.

Certiorari Denied by Supreme Court December 20, 1971.

Robert M. Stivers, Jr., Knoxville, for petitioner.

David M. Pack, Attorney General, Charles W. Cherry, Assistant Attorney General, Nashville, for respondent.

WALKER, P.J. The trial judge dismissed this petition for postconviction relief without an evidentiary hearing and William H. Haggard, the petitioner, appeals.

In 1954 Haggard and a codefendant, William Ledger, were convicted of burglary. Haggard was also charged and sentenced under the Habitual Criminal Act. Both appealed and their convictions were affirmed by our Supreme Court in Ledger v. State, 199 Tenn. 155, 285 S.W.2d 130 (1955).

Haggard has previously attacked his conviction by proceedings in the federal courts as well as in the state courts. In Haggard v. State (certiorari denied April 4, 1970), we denied relief after he had received an evidentiary hearing on his claims of constitutional violations.

In his petition Haggard alleges that he was convicted on his codefendant's statement made in his absence. He also shows in the petition that the codefendant testified in the trial. Ledger v. State, *supra,* likewise shows he testified and was subject to cross-examination.

 The trial judge held that this question of the codefendant's confession had been presented in the previous petition, but we elect to dispose of it here. The ''confrontation'' guaranteed by the United States Constitution is confrontation at trial. Thus the absence of the defendant at the time his codefendant makes an out-of-court statement inculpating the defendant is immaterial on a confrontation question so long as the codefendant can be cross-examined on the witness stand at the trial. Nelson v. O'Neil, 402 U.S. 622, 91 S.Ct. 1723, 29 L.Ed. 2d 222 (1971); Gant v. State, 3 Tenn.Cr.App. 658, 466 S.W.2d 518.

By his amended petition, Haggard contends that the trial judge did not hold a full hearing to determine the voluntariness of a confession and that his conviction was partially the result of its admission.

The petition contends that the trial judge failed to hold a hearing in the absence of the jury to determine the voluntariness of the confessions. He relies on Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908. In Pinto v. Pierce, 389 U.S. 31, 88 S.Ct. 192, 19 L.Ed.2d 31 (1967), the court held: "This Court has never ruled that all voluntariness hearings must be held outside the presence of the jury, regardless of the circumstances."

■ In Ledger v. State, *supra,* our Supreme Court considered both confessions. The defendant did not claim a coerced confession; he denied any confession. That court held that both defendants had confessed. We think the admissibility of the confessions is previously determined and is foreclosed by that decision.

■ The petitioner next assigns as error that the indictment was duplicitous in that one count charged burglary and receiving or concealing stolen goods. He also alleged that two of the indictments used on the habitual criminal charge had similar duplicitous counts.

These are not constitutional violations requiring an evidentiary hearing. In Brown v. State, Tenn.Cr.App., 445 S.W.2d 699, we said:

"It is settled law that the sufficiency of an indictment cannot be reviewed or tested in a habeas corpus pro-

ceeding. State ex rel. Newsome vs. Henderson, 221 Tenn. 24, 424 S.W.2d 186; Knewel v. Egan, 268 U.S. 442, 446, 45 S.Ct. 522, 69 L.Ed. 1036; Underwood v. Bomar, 335 F.2d 783, 788 (6th Cir. 1964), cert. den. 380 U.S. 921, 85 S.Ct. 917, 13 L.Ed.2d 805. The same rule necessarily precludes resort to the Post-Conviction Procedure Act of this State for that purpose.''

We have considered all questions presented and they are overruled.

The judgment is affirmed.

Russell and O'Brien, JJ., concur.