**STATE of Tennessee, Appellee,**

v.

**J.B. EAKINS and Wilma Eakins, Appellants.**

Court of Criminal Appeals of Tennessee, at Knoxville.

March 17, 1989.

Permission to Appeal Denied by Supreme Court June 5, 1989.

J. Arnold Fitzgerald, Dayton, for appellants, J.B. Eakins and Wilma Eakins.

W.J. Michael Cody, Atty. Gen. and Reporter, Gordon W. Smith, Asst. Atty. Gen., Nashville, Will Dunn, Asst. Atty. Gen., Dayton, for appellee.

OPINION

REID, Judge.

This case presents appeals as of right by Appellant J.B. Eakins from a conviction of violating T.C.A. § 55–10–401, driving while under the influence of an intoxicant, and by Wilma Eakins from a conviction of violating T.C.A. § 55–10–202, allowing a person under the influence of an intoxicant to drive her vehicle.

Appellants challenge the sufficiency of the evidence and Appellant Wilma Eakins claims inadmissible hearsay was admitted

in violation of *Bruton v. United States*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968).

The record does not support Appellants' contentions.

For purposes of appellate review the record supports the State's proof as to the circumstances of the offenses. On appeal guilty verdicts approved by the trial judge accredit the testimony of the witnesses for the State. The State is entitled on appeal to the strongest legitimate view of the evidence and all reasonable inferences which may be drawn therefrom. A verdict of guilty removes the presumption of innocence and raises a presumption of guilt. An Appellant has the burden of showing that the evidence preponderates against the verdict. *State v. Cabbage*, 571 S.W.2d 832 (Tenn.1978); *State v. Hatchett*, 560 S.W.2d 627 (Tenn.1978); *State v. Townsend*, 525 S.W.2d 842 (Tenn.1975); *State v. Grace*, 493 S.W.2d 474 (Tenn.1973); *Anglin v. State*, 553 S.W.2d 616 (Tenn.Crim.App. 1977).

 Late New Year's eve night, while Appellants, husband and wife, were en route home from a party, the automobile, owned by Wilma Eakins, was involved in a single-vehicle accident. J.B. Eakins was under the influence of an intoxicant, Wilma Eakins was not. There was no evidence as to which Appellant was driving other than an out-of-court statement by J.B. Eakins and in-court testimony by both Appellants. One of the police officers who investigated the accident testified that J.B. Eakins told him at the scene of the accident, after his wife had been transported to the hospital, that he was driving the vehicle. At trial, Mr. Eakins denied making the statement and both Appellants testified that Mrs. Eakins was driving.

The jury obviously resolved the conflict in testimony as to the identity of the driver in favor of the police officer and concluded both Defendants were guilty as charged. The evidence supports the jury verdicts beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); Rule 13(e), T.R.A.P.

Appellant Wilma Eakins was not denied the Sixth Amendment right of confrontation because her confessing co-defendant testified and was subject to cross-examination. *Bruton v. United States, supra,* is applicable only to joint trials in which there is admitted into evidence a non-testifying co-defendant's confession inculpating the defendant. *Nelson v. O'Neil,* 402 U.S. 622, 91 S.Ct. 1723, 29 L.Ed.2d 222 (1971), *State v. Coleman*, 619 S.W.2d 112 (Tenn.1981), *Haggard v. State*, 4 Tenn.Cr. App. 620, 475 S.W.2d 186 (1971).

The convictions are affirmed.

DAUGHTREY and WADE, JJ., concur.