IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

FILED

April 3, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

GARLAND POWELL,                )
                               )
        Petitioner,            )    C. C. A. NO. 02C01-9612-CC-00483
                               )
vs.                            )    LAUDERDALE COUNTY
                               )
JIMMY HARRISON, WARDEN,        )    No. 4870
                               )
        Respondent.            )


**O R D E R**


        This matter is before the Court upon the state's motion to affirm the judgment of the trial court under Rule 20, Rules of the Court of Criminal Appeals. The case before this Court represents an appeal from the trial court's denial of the petitioner's petition for writ of habeas corpus. The record was filed on December 24, 1996, and the petitioner filed his brief on January 24, 1997. The petitioner was originally indicted, among other things, for first degree murder in April 1975, and was convicted of the same in January 1976. In the present appeal, the petitioner, relying in part upon State v. Roger Dale Hill, No. 01C01-9508-CC-00267 (Tenn. Crim. App. June 20, 1996), contends the judgment entered against him is void because the indictment charging him with murder during the perpetration of a robbery failed to allege the mens rea of the offense charged.


        Having reviewed the state's motion in light of the petitioner's response and the entire record on appeal, we conclude that the motion is well-taken and should be granted. The trial judge dismissed the petitioner's petition stating that the petitioner failed to allege a proper ground for habeas corpus relief. It is well established that challenges to the sufficiency of an indictment cannot be tested in a habeas corpus proceeding. See Haggard v. State, 475 S.W.2d 186, 187 (Tenn. Crim. App. 1971); Brown v. State, 445 S.W.2d 669, 674 (Tenn. Crim. App. 1969). A panel of this Court recently held the same in a capital case. Barber v. State, No. 01C01-9408-CR-00281

(Tenn. Crim. App., Feb. 23, 1995).

          Nonetheless, we have considered the substance of the petitioner's claim and determine it to be without merit. <u>Hill</u> represents a direct appeal from a case involving an indictment rendered subsequent to the 1989 revisions to the Criminal Code. Conversely, the appeal in the present case stems from a denial of a petition for writ of habeas corpus and involves an indictment issued prior to the 1989 changes in the Code. The opinion in <u>Hill</u> was based upon this Court's interpretation of T.C.A. § 39-11-301(c), which was enacted in 1989. That statute provides, in pertinent part, that "[a] culpable mental state is required within this title unless the definition of the offense plainly dispenses with a mental element." Prior to 1989, however, the Criminal Code did not contain a comparable statute. Accordingly, the decision in <u>Hill</u> does not control our review of the issue raised herein.

          At the time of the offense in this case, person was guilty of first degree murder if he or she "committ[ed] a willful, deliberate and malicious killing or murder during the perpetration of [one of the enumerated felonies, including robbery]." T.C.A. § 39-2402 (1975). The indictment at issue before us charged that the petitioner did "unlawfully, feloniously, willfully, deliberately and maliciously kill and murder [the victim], during the perpetration of a robbery." This language was sufficient under the law as it existed at the time. As noted above, the Criminal Code did not contain a provision similar to § 39-11-301(c) (1989). The statutory requirements for an indictment were found in § 40-1802 (now § 40-13-202 (1990)), which provided simply that:

> The indictment must state the facts constituting the offense in ordinary and concise language, without prolixity or repetition, in such a manner as to enable a person of common understanding to know what is intended, and with that degree of certainty which will enable the court, on conviction, to pronounce the proper judgment.

          Furthermore, in <u>Campbell v. State</u>, 491 S.W.2d 359, 361 (Tenn. 1973) (emphasis supplied), while addressing the sufficiency of an indictment charging the offense of murder, our Supreme Court stated the following:

While it seems clear that the indictment in *Witt* was insufficient in that it failed to charge an element, that the murder was committed unlawfully, in either the language of the statute or common law or words of equivalent import, the decision is confusing because of the language, 'fatally defective in omitting the charge that the offense was committed feloniously, or with malice aforethought; and containing no words of equivalent import.' *It is clear, however, that had the indictment used the words 'feloniously' or 'unlawfully', it would have been sufficient.*

We agree with this proposition. By containing the words found in the language of the statute, the indictment at issue here sufficiently apprised the appellant of the offense charged under the law at the time, and is therefore valid. Thus, the petitioner's attack must fail.

For the reasons stated above, it is hereby ORDERED, pursuant to Rule 20, Rules of the Court of Criminal Appeals, that the judgment of the trial court dismissing the petition for writ of habeas corpus is affirmed. Costs of this appeal shall be assessed against the petitioner.

Enter, this the ___ day of March, 1997.

_____
JOE G. RILEY, JUDGE

_____
JOE B. JONES, PRESIDING JUDGE

_____
PAUL G. SUMMERS, JUDGE