# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

### MAY, 1997 SESSION

FILED

July 25, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | |
| | ) | |
| Appellee, | ) | No.  03C01-9610-CR-00386 |
| | ) | |
| vs. | ) | Hamblen County |
| | ) | |
| **GERALD EDWARD DIXON**, | ) | Honorable James E. Beckner, |
| | ) | Judge |
| | ) | |
| Appellant. | ) | |
| | ) |   (Habeas Corpus) |

FOR THE APPELLANT:

JIM W. STAMBAUGH
Post Office Box 1003
Morristown, TN 37816-1003

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General & Reporter

MICHAEL J. FAHEY, II
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN 37243-0493

OPINION FILED: _____

**AFFIRMED**

CURWOOD WITT
JUDGE

OPINION


Gerald Edward Dixon, Jr., the petitioner appeals pursuant to Rule 3, Tennessee Rules of Appellate Procedure, from the trial court's dismissal of his petition for writ of habeas corpus. On November 29, 1993, the petitioner pleaded guilty to one count of aggravated burglary and one count of aggravated rape. He received concurrent sentences of three and seventeen years. The petitioner does not challenge the validity of his conviction for aggravated burglary, but he contends that his conviction for aggravated rape is void because the indictment failed to allege the mens rea for that offense. See State v. Roger Dale Hill, No. 01CO1-9508-CC-00267 (Tenn. Crim. App., Nashville, June 20, 1996), perm. to appeal granted (Tenn. 1997).


It is well established that challenges to the sufficiency of an indictment cannot be tested in a habeas corpus proceeding. See Haggard v. State, 475 S.W.2d 186, 187 (Tenn. Crim. App. 1971); Terry D. Barber v. State, No. 01CO1-9408-CR-00281 (Tenn. Crim. App., Nashville, Feb. 23, 1995). Moreover, the actual indictment is not included in the record on appeal.[1] Nonetheless, we have considered the substance of the petitioner's claim and determine it to be without merit. Aggravated rape is defined as the

> "unlawful sexual penetration of a victim by the
> defendant or the defendant by a victim accompanied
> by . . . [f]orce or coercion . . . and the defendant is
> armed with a weapon. . . ."

Tenn. Code Ann. § 39-13-502(a)(1)(Supp.1996).


The indictment in this case stated that the accused

---

[1] The habeas corpus petition and both briefs include the indictment's language.

> . . . did unlawfully and forcibly or coercively, while
> armed with a weapon, to-wit: a handgun sexually
> penetrated T. A. H. by means of sexual intercourse,
> all in violation of Tenn. Code Ann. § 39-13-502, a
> Class A Felony.

We find that the indictment sufficiently apprised the petiioner of the offense charged and is valid.

Tennessee law requires that an indictment "state the facts constituting the offense in ordinary and concise language . . . in such a manner as to enable a person of common understanding to know what is intended. . . ." State v. Marshall, 870 S.W.2d 532, 537 (Tenn. Crim. App. 1993) (quoting Tenn. Code Ann. § 40-13-202). An indictment is sufficient even though an element is not specifically alleged if the language of the indictment is such that the defendant cannot fail to be apprised of its elements. State v. John Haws Burrell, No. 03C01-9404-CR-00157, slip op. at 27-28 (Tenn. Crim. App., Knoxville, Feb. 11, 1997), perm. app. filed April 12, 1997.

Sexual penetration by coercion necessarily implies the act occurred intentionally or knowingly. Id. at 31. "'Coercion" means threat of kidnapping, extortion, force or violence to be performed immediately or in the future . . . ." Tenn. Code Ann. § 39-13-501(1)(1991). A person of common understanding would recognize that if a person uses threats in order to sexually penetrate another, the penetration must be intentional. State v. John Haws Burrell, slip op. at 31.

We find no merit in the claim. The judgment is affirmed.

                                    _____
                                    CURWOOD WITT, Judge


CONCUR:

_____
JOE B. JONES, Presiding Judge


_____
JOSEPH M. TIPTON, Judge