IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

JANUARY 1998 SESSION



FILED

September 9, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| FRANK CRITTENDEN, | ) | |
| | ) | 03C01-9707-CC-00315 |
| Appellant | ) | |
| | ) | MORGAN COUNTY |
| v. | ) | |
| | ) | HON. E. EUGENE ELBEN |
| CHARLES JONES, Warden, | ) | |
| *ex rel.* STATE OF TENNESSEE | ) | (Habeas Corpus) |
| | ) | |

For the Appellant:

Frank Crittenden, *pro se*
M.C.R.C.F., No. 244405
P.O. Box 2000
Wartburg, TN. 37887-2000

For the Appellee:

John Knox Walkup
Attorney General & Reporter

Timothy F. Behan
Assistant Attorney General
425 Fifth Avenue North
2d Floor, Cordell Hull Building
Nashville, TN. 37243-0493

Charles E. Hawk
District Attorney General
P.O. Box 703
Kingston, TN. 37763-0703

OPINION FILED:_____

AFFIRMED

WILLIAM M. BARKER, JUDGE

OPINION

The appellant, Frank Crittenden, appeals as of right the Morgan County Criminal Court's dismissal of his *pro se* petition for a writ of habeas corpus. We affirm the judgment of the trial court.

On December 15, 1994, the appellant pled guilty to eight (8) counts of a thirty six (36) count indictment charging him with aggravated rape, rape, and unlawful sexual contact with his daughter.[1] The trial court sentenced appellant to twenty-five (25) years for each of the eight counts, with four counts to be served concurrently and four counts to be served consecutively, for a total effective sentence of one hundred (100) years. No direct appeal was taken from the trial court's judgment.

Appellant, thereafter, filed a petition for post-conviction relief alleging that, but for the ineffective assistance of his counsel, he would have filed a timely notice of appeal from the trial court's sentencing order. This Court affirmed the trial court's finding that appellant had waived his right to a direct appeal and upheld the dismissal of his post-conviction petition. See Frank Crittenden v. State, No. 01C01-9510-CR-00344 (Tenn. Crim. App. at Nashville, Nov. 27, 1996), *perm. app. granted* (Tenn. Nov. 24, 1997).[2]

The appellant filed a *pro se* petition for a writ of habeas corpus on January 3, 1997, challenging the validity of his indictment. Relying upon this Court's decision in State v. Roger Dale Hill, No. 01C01-9508-CC-00267 (Tenn. Crim. App. at Nashville, June 20, 1996), *perm. app. granted* (Tenn. 1996), appellant argued that the indictment was unconstitutional in failing to include the requisite *mens rea* for the aggravated rape offenses. The trial court summarily dismissed appellant's petition upon determining that the indictment contained sufficient language to inform the appellant

---

[1]The record is unclear as to which counts were included in appellant's plea agreement.

[2]The appellant filed his *pro se* petition for a writ of habeas corpus prior to receiving permission to appeal to the supreme court in the post-conviction proceeding. His appeal in that case is currently pending. Although not raised by either side, we note that the appellant's habeas corpus petition may run simultaneously with his appeal to the supreme court since the cases involve separate and distinct issues. See Laney v. State, 826 S.W.2d 117, 118-19 (Tenn. 1992).

of the rape charges. The trial court further ruled that any deficiency in the indictment did not render the judgment void, and any challenge to the indictment should have been raised prior to the swearing in of the jury.

We agree with the trial court's decision to dismiss appellant's habeas corpus petition.[3] First, it is questionable whether the appellant can challenge his indictment in a habeas corpus proceeding. See State ex rel. Newsom v. Henderson, 424 S.W.2d 186, 189 (Tenn. 1968); Haggard v. State, 475 S.W.2d 186, 187 (Tenn. Crim. App. 1971); Brown v. State, 445 S.W.2d 669, 674 (Tenn. Crim. App. 1969). But cf. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993) (stating that habeas corpus relief is available "only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired").

Nevertheless, even when addressed on the merits, appellant's claim must fail in light of our supreme court's decision in State v. Hill, 954 S.W.2d 725, 729 (Tenn. 1997). In Hill, the Court upheld an indictment that is virtually identical to the indictment in appellant's case. On the counts of rape, appellant's indictment stated in pertinent part:

> [O]n a day in _____,[4] in Davidson County, Tennessee and before the finding of this indictment, [Frank Crittenden] did engage in unlawful sexual penetration of [the victim] (Female, D.O.B. February 17, 1978), and force or coercion was used to accomplish the act, in violation of Tennessee code Annotated § 39-13-503, and against the peace and dignity of the State of Tennessee.

On the counts of aggravated rape, the indictment stated as follows:

> [O]n a day in _____, in Davidson County, Tennessee and before the finding of this indictment, [Frank Crittenden] did engage in unlawful

---

[3]Trial courts may summarily dismiss a petition for a writ of habeas corpus if the petition fails to state a cognizable claim on its face. See Tenn. Code Ann. § 29-21-109 (Supp. 1997).

[4]The appellant was charged with multiple counts of rape and aggravated rape that occurred between the years 1983 and November 4, 1993. Each count set forth a date or a range of time in which the particular offense occurred. On the rape counts that occurred before 1989, the appellant was charged with violating Tennessee Code Annotated Section 39-2-603 (repealed 1989).

sexual penetration of [the victim] (Female, D.O.B. February 17, 1978), a child less than thirteen (13) years of age, in violation of Tennessee Code Annotated § 39-13-502, and against the peace and dignity of the State of Tennessee.

The language in appellant's indictment sets forth the statutory provisions making it a Class B felony for anyone to unlawfully sexually penetrate a victim with the use of force or coercion, Tenn. Code Ann. § 39-13-503(b), and a Class A Felony for anyone to unlawfully sexually penetrate a victim when the victim is less than thirteen (13) years of age. Tenn. Code Ann. § 39-13-502(b). Although the *mens rea* for the rape offenses is omitted from the indictment, we conclude that it can be logically inferred from the nature and language of the charges. See Hill, 954 S.W.2d at 729. The indictment contains facts constituting each offense and provides sufficient notice of the charges as mandated by our constitution.

Based upon the foregoing, we conclude that the indictment is valid and affirm the judgment of the trial court.

_____
WILLIAM M. BARKER, JUDGE


CONCUR:


_____
GARY R. WADE, Presiding Judge


_____
JOSEPH M. TIPTON, JUDGE

4