# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## GEORGE PICKLE v. STATE OF TENNESSEE

**Appeal from the  Criminal Court for Shelby County**
**No. P-25218    J.C. McLin, Judge**

---

**No. W2002-02622-CCA-R3-HC  - Filed February 25, 2004**

---

This matter is before the Court upon the State's motion to affirm the judgment of the trial court by opinion pursuant to Rule 20, Rules of the Court of Criminal Appeals.  The Petitioner is appealing the trial court's denial of habeas corpus relief.  The Petitioner fails to assert a ground of relief entitling him to habeas corpus relief.  Accordingly, the State's motion is granted and the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which DAVID G. HAYES and JOE G. RILEY, JJ., joined.

Robert B. Gaia, Memphis, Tennessee, for the appellant, George Pickle.

Paul G. Summers, Attorney General & Reporter; Michelle R. Chapman, Assistant Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

Petitioner George Pickle was convicted of one count of robbery with a deadly weapon and two counts of grand larceny by a Shelby County jury. *See State v. George Pickle*, No. 100, 1990 WL 154624, *1 (Tenn. Crim. App. at Jackson, Oct. 17, 1990), *perm. to appeal denied,* (Tenn. Dec. 31, 1990).  The Petitioner was sentenced to life imprisonment for the robbery conviction and to ten years on each count of grand larceny.  *Id.*  The sentences were ordered to be served consecutively.  *Id.* Petitioner unsuccessfully sought post-conviction relief.  *See George Gary Pickle v. State*, No.

02C01-9412-CR-00271, 1996 WL 275049, *1 (Tenn. Crim. App. at Jackson, May 24, 1996). On May 28, 2002, Petitioner filed, pro se, an application for writ of habeas corpus relief. Counsel was subsequently appointed and an amended application was filed, alleging that his judgment is void because the indictments fail to allege facts and allegations sufficient to confer jurisdiction on the criminal court. On October 10, 2002, a hearing was held, after which the trial court denied habeas corpus relief, finding

> From all of which this court finds Petitioner's Allegations without merit and that from the face of the indictments, judgments, and record of the proceedings the trial Court had jurisdiction to sentence the Petitioner and that the Petitioner's sentence of imprisonment or restraint has not expired.

Habeas corpus relief addresses detentions that result from void judgments or expired sentences. *See Archer v. State,* 851 S .W.2d 157, 164 (Tenn. 1993). The Petitioner in this case does not argue that his sentence has expired; therefore, he is a candidate for *habeas corpus* relief only if the judgment or sentence is void. The procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed.[1]  *Archer,* 851 S.W.2d at 165.  The Petitioner has failed to attach to his petition either the copies of the judgments of conviction or the indictments. *See* Tenn. Code Ann. § 29-21-107(b)(2). An application for the issuance of habeas corpus may be summarily dismissed for failure to attach the judgment forms. *Id.*; *see also State ex rel. Wood v. Johnson*, 393 S.W.2d 135, 136 (Tenn. 1965). Moreover, on appeal, the Petitioner has the duty to ensure that the record before this Court is sufficient to convey a "fair, accurate, and complete account of what transpired." Tenn. R. App. P. 24. In this regard, the Petitioner's failure to provide this Court with a complete record relevant to the issue presented for review constitutes a waiver of the issue. *See State v. Ballard*, 855 S.W.2d 557, 560-61 (Tenn. 1993). Notwithstanding, it is apparent that copies of the indictment were introduced by appointed counsel at the hearing held on October 10, 2003.

Although in most instances a challenge to the sufficiency of an indictment is not a cognizable claim in a habeas corpus proceeding, *see Haggard v. State*, 4 Tenn. Crim. App. 620, 475 S.W.2d 186, 187-88 (Tenn. Crim. App. 1971); Tenn. R. Crim. P. 12(b)(2) (stating that "[d]efenses and objections based on defects in the indictment" must be raised prior to trial), the indictment may be challenged if the objection is based on the failure of the indictment to state an offense. *See State v. Nixon*, 977 S.W.2d 119 (Tenn. Crim. App. 1997); *see also Willie Tom Ensley v. Howard Carlton,*

---

[1]The location of Petitioner Pickle's incarceration is not disclosed in the record before this Court. However, this Court is able to take judicial notice of the fact that Petitioner Pickle is currently confined at the Turney Center Industrial Prison and Farm located in Hickman County. *See* Tenn. R. Evid. 201(b). The present petition was filed in Shelby County, Tennessee. Pursuant to section 29-21-105, Tennessee Code Annotated, a petition for writ of habeas corpus must be filed in the court most convenient in point of distance to the applicant, unless a sufficient reason is stated in the petition for not applying to such court. Petitioner has failed to offer explanation as to why the petition was not filed in Hickman County. The petition could have been dismissed on this ground alone. However, as the failure to file the petition in the proper court was not litigated at the trial level, we do not find this point dispositive on appeal.

*Warden*, No. E2002-00878-CCA-R3-PC, 2002 WL 31375581, *2 (Tenn. Crim. App. at Knoxville, Oct. 21, 2002), *perm. to appeal denied*, (Tenn. Feb. 18, 2003). The rationale is that the resulting conviction is void because there is no crime before the court. *Willie Tom Ensley v. Howard Carlton, Warden*, No. E2002-00878-CCA-R3-PC, 2002 WL 31375581, at *2. Thus, if an invalid indictment fails to properly charge an offense and, thereby, causes the convicting court to be without jurisdiction, that indictment may be challenged in a habeas corpus proceeding. *Willie Tom Ensley v. Howard Carlton, Warden*, No. E2002-00878-CCA-R3-PC, 2002 WL 31375581, at *2.

In reviewing the indictment, the trial court noted that the Petitioner's challenge was based upon the use of the following language:

> ... *with intent feloniously to convert the same . . . to their own use and deprive the true owner thereof.*

Appointed counsel argued that the term "feloniously" is not a mental state. This language was sufficient under the law as it existed at the time. *See Campbell v. State,* 491 S.W.2d 359, 361 (Tenn.1973) (an indictment using the words "feloniously" or "unlawfully" is sufficient). Accordingly, the indictment sufficiently charged the Petitioner with a crime under Tennessee law and Petitioner is not entitled to habeas corpus relief as to this claim.

Accordingly, it is ordered that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

 

 

_____
ALAN E. GLENN, JUDGE