IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON


CLIFFORD L. TAYLOR v. STATE OF TENNESSEE

Direct Appeal from the Criminal Court for Shelby County
No. M-27335, P-27702    J.C. McLin, Judge

---

No. W2003-02198-CCA-R3-PC  - Filed March 11, 2005

---

The Appellant, Clifford L. Taylor, appeals the trial court's denial of his motion for arrest of judgment.  The State has filed a motion requesting that this Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals.   The petition is not proper as either a motion in arrest of judgment, petition for post-conviction relief, or application for writ of habeas corpus relief.  Accordingly, we grant the State's motion and affirm the judgment of the lower court.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

ALAN E. GLENN, J., delivered the opinion of the court, in which DAVID G. HAYES and JOHN EVERETT WILLIAMS, JJ., joined.

Clifford L. Taylor, pro se.

Paul G. Summers, Attorney General & Reporter; Michelle C. McIntire, Assistant Attorney General, for the appellee, the State of Tennessee.


**MEMORANDUM OPINION**


In 1980, the Appellant, Clifford L. Taylor, was convicted of two counts of aggravated kidnapping and one count of armed robbery.  *See State v. Taylor*, 628 S.W.2d 42, 44 (Tenn. Crim. App. 1981), *perm. to appeal denied*, (Tenn. 1982).   The trial court imposed a thirty year sentence for each count of aggravated kidnapping. *Id.*  For the armed robbery conviction, the Appellant was

1

sentenced, as a habitual criminal, to life imprisonment. *Id.* The trial court further ordered that the aggravated kidnapping charges be served concurrently with each other but consecutive to the enhanced armed robbery sentence. *Id.* The three sentences were further ordered to be served consecutive to a twenty-five-year sentence from a prior conviction for which the Appellant was on parole when the kidnappings and robbery were committed. *Id.* This Court affirmed the convictions and sentences on direct appeal. *Id.*

On May 8, 2003, the Appellant filed a motion for arrest of judgment, alleging that the judgments entered against him are constitutionally void. Specifically, he argued that the indictments are fatally defective in that the indictments (1) failed to allege all essential elements of the offenses charged, (2) failed to cite statutory authority for the offenses charged, and (3) charged two offenses in one indictment. The Appellant additionally complained that the "VERDICT MITTIMUS OF CONVICTION is constitutionally VOID on its face because the trial judge did not sign off on the writ in accordance to Tennessee Court Rules. . . ." By order entered August 19, 2003, the trial court denied the motion. On September 23, 2002, the Appellant filed a "First Amendment to His Motion in Arrest of Judgment." The amendment merely incorporated the grounds raised in the original motion, but also stated reasons for the tolling of the statute of limitation. This amended motion was denied by the trial court on October 8, 2003.

The State has filed a motion requesting this Court to affirm the decision of the lower court pursuant to Rule 20, Rules of the Tennessee Court of Criminal Appeals. The State correctly asserts that a motion for arrest of judgment must be filed within thirty days of the date the order of the sentence is entered. *See* Tenn. R. Crim. P. 34. The Appellant was sentenced in 1980. Accordingly, the State argues that the motion for arrest of judgment filed "some twenty-three years after his conviction" was well outside the thirty-day time period for filing such motion. Additionally, the State argues that the motion, if treated as a petition for post-conviction relief, is barred by the statute of limitations. *See* Tenn. Code Ann. § 40-30-102 (2003 Repl.). Finally, the State asserts that, if the petition is treated as an application for the issuance of a writ of habeas corpus, the petition was not filed in the proper court. *See* Tenn. Code Ann. § 29-21-105.

The State's position is well-taken. Rule 34, Tennessee Rules of Criminal Procedure, provides that a motion for arrest of judgment must be filed within thirty days of the date the order of sentence is entered. The present petition was filed nearly twenty-four years after the sentence was entered. Similarly, the statute of limitation for filing a petition for post-conviction relief has long since expired. *See* Tenn. Code Ann. § 29-21-105. The present motion is barred under either Rule 34, Tennessee Rules of Criminal Procedure, or the Post-Conviction Procedure Act.

*Habeas corpus* relief addresses detentions that result from void judgments or expired sentences. *See Archer v. State,* 851 S .W.2d 157, 164 (Tenn. 1993). The Appellant in this case does not argue that his sentence has expired; therefore, he is a candidate for *habeas corpus* relief only if the judgment or sentence is void. The procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. *Archer,* 851 S.W.2d at 165. The Appellant is currently incarcerated in Lauderdale County, Tennessee. The present petition, however, was filed

in Shelby County, Tennessee. Pursuant to Tennessee Code Annotated § 29-21-105, a petition for writ of habeas corpus must be filed in the court most convenient in point of distance to the applicant, unless a sufficient reason is stated in the petition for not applying to such court. The Appellant has failed to offer explanation as to why the petition was not filed in Lauderdale County. Thus, a petition for habeas corpus relief could be dismissed on this basis alone. Additionally, the Appellant failed to attach his judgment forms to his petition, a requirement under Tennessee Code Annotated § 29-21-107(b)(2). A trial court may similarly dismiss a petition for failure to comply with this requirement. *State ex rel. Wood v. Johnson,* 216 Tenn. 531, 393 S.W.2d 135, 136 (Tenn.1965).

In addition to these omissions, we note that, while the Appellant claims that the indictments against him were fatally defective, he fails to include these indictments in the appellate record. An appellant carries the burden of ensuring that the record on appeal conveys a fair, accurate, and complete account of what has transpired with respect to those issues that are the basis of the appeal. Tenn. R. App. P. 24(b); *see also Thompson v. State,* 958 S.W.2d 156, 172 (Tenn. Crim. App. 1997). The failure to do so results in a waiver of such issues. *Id.*

Notwithstanding procedural default and waiver, we acknowledge that, although in most instances a challenge to the sufficiency of an indictment is not a cognizable claim in a habeas corpus proceeding, *see Haggard v. State,* 4 Tenn. Crim. App. 620, 475 S.W.2d 186, 187-88 (Tenn. Crim. App. 1971); Tenn. R. Crim. P. 12(b)(2) (stating that "[d]efenses and objections based on defects in the indictment" must be raised prior to trial), the indictment may be challenged if the objection is based on the failure of the indictment to state an offense. *See State v. Nixon,* 977 S.W.2d 119 (Tenn. Crim. App. 1997); *see also Willie Tom Ensley v. Howard Carlton, Warden,* No. E2002-00878-CCA-R3-PC, 2002 WL 31375581, at *2 (Tenn. Crim. App., at Knoxville, Oct. 21, 2002), *perm. to appeal denied,* (Tenn. Feb. 18, 2003). The rationale is that the resulting conviction is void because there is no crime before the court. *Willie Tom Ensley v. Howard Carlton, Warden,* No. E2002-00878-CCA-R3-PC, 2002 WL 31375581, at *2. Thus, if an invalid indictment fails to properly charge an offense and, thereby, causes the convicting court to be without jurisdiction, that indictment may be challenged in a habeas corpus proceeding. *Willie Tom Ensley v. Howard Carlton, Warden,* No. E2002-00878-CCA-R3-PC, 2002 WL 31375581, at *2.

The Appellant alleges that the indictments failed to allege the proper mental state for the indicted offense of aggravated kidnapping and armed robbery. Although not included in the appellate record, the Appellant has included the indictments as an attachment to his brief. The indictments contain the terms "unlawfully" and "feloniously." Apparently, the Appellant's position is that "unlawfully" and "feloniously" are not mental states. Again, the counts contained within the respective indictments charged that the Appellant did "unlawfully" and "feloniously" commit each separate crime. This language was sufficient under the law as it existed at the time. *See Campbell v. State,* 491 S.W.2d 359, 361 (Tenn. 1973) (an indictment using the words "feloniously" or "unlawfully" is sufficient). This issue is without merit. The Appellant also contends that the indictments fail to allege an offense against the State. Each of the indictments specifically states that the charged offenses were committed "against the peace and dignity of the State of Tennessee." The

3

Appellant's claim is devoid of merit. Finally, with respect to the indictments, the Appellant complains that the indictment charging him with both aggravated robbery and being a habitual offender is defective because both charges appear on a single indictment. The habitual criminal statutes do not create an independent crime, but define and prescribe a status arising from circumstances under which the penalty for violating one of the prescribed felonies charged on the same indictment is increased to life imprisonment. *Pearson v. State*, 521 S.W.2d 225, 227 (Tenn. 1975) (citations omitted). Furthermore, the statute directed as follows:

> an indictment . . . which charges a person, who is a habitual criminal . . . with the commission of any felony specified in [enumerated sections] or a crime for which the maximum punishment is death, shall, in order to sustain a conviction of habitual criminality, also charge that he is such habitual criminal. Every person so charged as being a habitual criminal shall be entitled . . . to . . . a written statement of the felonies, prior convictions of which form the basis of the charge of habitual criminality. . . .

Tenn. Code Ann. § 40-2803 (Repl. 1975). The indictment complied with the statutory requirements.

In his final claim, the Appellant alleges that the verdict mittimuses of conviction are constitutionally void on their face because the trial court did not sign them in violation of Rule 32, Tennessee Rules of Criminal Procedure. A mittimus is an affidavit to the sheriff or jailer as to the defendant's sentence. *See* Tenn. Code Ann. § 41-4-106. A mittimus serves to direct the jailer or sheriff as to a prisoner's commitment or discharge and is kept by the sheriff, or jailer, under the sheriff's direction. *Id.* A mittimus is directory in nature; it is not a judgment and does not require a judge's signature. *Jack P. Carr v. David Mills*, No. E2000-00156-CCA-R3-PC, 2000 WL 1520267, at *2 (Tenn. Crim. App., at Knoxville, Oct. 13, 2000), *perm. to appeal denied*, (Tenn. Mar. 12, 2001). A lack of the judge's signature does not render a judgment void. *See Jack P. Carr v. David Mills*, No. E2000-00156-CCA-R3-PC, 2000 WL 1520267, at *2; *Jerry L. Johns v. State,* No. E1999-00260-CCA-R3-CD, 2000 WL 262901, at *2 (Tenn. Crim. App., at Knoxville, Mar. 9, 2000), *perm. to appeal denied,* (Tenn. Sept. 11, 2000). Accordingly, this is not a cognizable claim for habeas corpus relief.

The Appellant has failed to establish either that he is entitled to relief pursuant to (1) a motion for arrest of judgment, (2) the Post-Conviction Procedure Act, or (3) habeas corpus relief. Accordingly, it is ordered that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____

ALAN E. GLENN, JUDGE

4