IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON


## RYAN JAMES MORAN v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Lauderdale County**
**No. 6021    Joe H. Walker, Judge**

_____

**No. W2006-00242-CCA-R3-HC  - Filed May 31, 2006**

_____


The Petitioner, Ryan James Moran, appeals the lower court's denial of his petition for habeas corpus relief.  The State has filed a motion requesting that this Court affirm the trial court pursuant to Rule 20, Rules of the Court of Criminal Appeals.  The Petitioner has failed to allege any ground that would render the judgments of conviction void.  Accordingly, we affirm the trial court's dismissal.


**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

DAVID G. HAYES, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS AND ALAN E. GLENN, JJ.  joined.

Ryan James Moran, pro se.

Paul G. Summers, Attorney General & Reporter; Brian C. Johnson, Assistant Attorney General, for the appellee, the State of Tennessee.


**MEMORANDUM OPINION**


On February 12, 1996, the Petitioner, Ryan James Moran, pled guilty to especially aggravated kidnapping, especially aggravated robbery, attempted first degree murder and assault.  *See Ryan*

*James Moran v. State*, No. M2004-01084-CCA-R3-PC, 2005 WL 711896, at *1 (Tenn. Crim. App., at Nashville, Mar. 29, 2005), *perm. to appeal denied*, (Tenn. Aug. 22, 2005). For these offenses, the trial court imposed an effective sentence of seventy-five years in prison. *Id.* On direct appeal, this Court affirmed the Petitioner's convictions and sentences. *See State v. Ryan Moran*, No. 01-C-01-9608-CC00346, 1997 WL 742520, at *1 (Tenn. Crim. App., at Jackson, Dec. 1, 1997). Petitioner later sought post-conviction relief which was summarily dismissed as being barred by the statute of limitations. *Id.* This Court affirmed the lower court's dismissal. *Id.*

On December 27, 2005, the Petitioner filed an application for habeas corpus relief in the Lauderdale County Circuit Court. As grounds for relief, the Petitioner alleged that his conviction and sentence for the offense of especially aggravated kidnapping is illegal and void in that the indictment failed "to allege the essential element of especially aggravated kidnapping, to wit: that it was accomplished with a deadly weapon." By order entered January 13, 2006, the trial court denied habeas corpus relief. In so ruling, the trial court stated "[t]he court has reviewed the indictment and finds that it is sufficient per TCA 39-13-305, Especially aggravated kidnapping." The trial court added "Petitioner's sentences have not expired. The Criminal Court has jurisdiction or authority to sentence a defendant to the sentence he received. Habeas corpus relief is not appropriate." A notice of appeal document was filed on February 4, 2006.

The State has filed a motion requesting that this Court affirm the lower court's denial of habeas corpus relief pursuant to Rule 20, Rules of the Tennessee Court of Criminal Appeals. The Petitioner has responded in opposition thereto.

In this state, habeas corpus relief only addresses detentions that result from void judgments or expired sentences. *See Archer,* 851 S.W.2d at 164. A judgment is void "only when '[i]t appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." *Hickman v. State,* 153 S.W.3d 16, 20 (Tenn. 2004) (quoting *State v. Ritchie,* 20 S.W.3d 624, 630 (Tenn. 2000) (citations omitted)). The petitioner bears the burden of establishing either a void judgment or an illegal confinement by a preponderance of the evidence. *Passarella v. State,* 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). If the petitioner carries this burden, he is entitled to immediate relief. However, where the allegations in a petition for writ of habeas corpus do not demonstrate that the judgment is void, a trial court may correctly dismiss the petition without a hearing. *McLaney v. Bell,* 59 S.W.3d 90, 93 (Tenn. 2001) (citing T.C.A. § 29-21-109 (2000); *see, e.g., Archer,* 851 S.W.2d at 164 (parenthetical omitted)). The Petitioner does not contend that his sentences have expired, thus, he is only entitled to relief if his judgments are void.

The Petitioner contends that the trial court was without jurisdiction to enter judgment upon the Petitioner's plea of guilty to an offense for which he was not properly charged. Specifically, the Petitioner contends that he was indicted for the offense of especially aggravated kidnapping, yet the indictment failed to allege the essential element of "accomplished with a deadly weapon." Accordingly, he asserts the judgment of conviction is void.

2

Although in most instances a challenge to the sufficiency of an indictment is not a proper claim to raise in a habeas corpus proceeding, *see Haggard v. State*, 4 Tenn. Crim. App. 620, 475 S.W.2d 186, 187-88 (Tenn. Crim. App. 1971), "the validity of an indictment and the efficacy of the resulting conviction may be addressed in a petition for habeas corpus when the indictment is so defective as to deprive the court of jurisdiction." *Dykes v. Compton*, 978 S.W.2d 528, 529 (Tenn. 1998). An indictment is sufficient if it contains the elements of the offense which is intended to be charged, it adequately apprises the accused of the offense he is called upon to defend, the trial judge knows to what offense he must apply the judgment, and the accused knows with accuracy to what extent he may plead a former acquittal or conviction in a future prosecution for the same offense. *See generally Jackson v. Virginia*, 443 U.S. 307, 314, 99 S. Ct. 2781 (1979).

Again, the Petitioner contends that the trial court was without jurisdiction to enter a conviction for especially aggravated kidnapping because the indictment failed to allege the essential element "accomplished with a deadly weapon." The charging instrument provided as follows:

> The Grand Jurors of Giles County Tennessee . . . present: That Ryan Moran on or about the 5th day of April, 1995, in Giles County, Tennessee and before the finding of this indictment, did unlawfully and knowingly remove or confine Jimmy Taylor so as to interfere substantially with Jimmy Taylor's liberty as a result of which Jimmy Taylor suffered serious bodily injury in violation of Tennessee Code Annotated 39-13-305, all of which is against the peace and dignity of the State of Tennessee.

Especially aggravated kidnapping is the knowing, unlawful removal or confinement of another "so as to interfere substantially with the other's liberty," T.C.A. § 39-13-302(a), where such removal or confinement is (1) accomplished with a deadly weapon, (2) where the victim was under the age of thirteen, (3) committed to hold the victim for ransom or reward, or, as in the present case, (4) where the victim suffers serious bodily injury. T.C.A. § 39-13-305(a)(1), (2), (3) and (4). According to the statute, especially aggravated kidnapping may be committed in four alternative ways. The indictment charged that the kidnapping was committed and that the victim suffered serious bodily injury. *See* T.C.A. § 39-13-305(a)(4). The indictment need not charge that the offense was accomplished with a deadly weapon. We conclude that the indictment in this case clearly apprized the Petitioner of the crime for which he was charged, that it furnished the trial court an adequate basis for the entry of its judgment, and that it protected the Petitioner from double jeopardy. Given these circumstances, it is clear that the indictment is sufficient to vest jurisdiction in the convicting court.

The judgment against the Petitioner is not void, and his sentences have not expired. Therefore, no grounds exist that would entitle the Petitioner to habeas corpus relief. The trial court did not err in summarily dismissing the petition. Rule 20, Rules of the Court of Criminal Appeals, provides that when an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a

determination of guilt, and the evidence does not preponderate against the finding of the trial judge. *See* Tenn. R. Ct. Crim. App. 20. We conclude that this case satisfies the criteria of Rule 20. Accordingly, it is ordered that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
DAVID G. HAYES, JUDGE

4