# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## WILLIE L. PEGUES v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Hardeman County**
**No. 05-02-0093    Joe H. Walker, III, Judge**

---

**No. W2005-02733-CCA-R3-HC  - Filed July 20, 2006**

---

The Petitioner, Willie L. Pegues, who is serving a sentence of life imprisonment for first degree felony murder, appeals the lower court's denial of his petition for habeas corpus relief.  The State has filed a motion requesting that this Court affirm the trial court pursuant to Rule 20, Rules of the Court of Criminal Appeals.  The Petitioner has failed to allege any ground that would render the judgment of conviction void.  Accordingly, we affirm the trial court's dismissal.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

DAVID G. HAYES,  J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ALAN E. GLENN, JJ.  joined.

Willie L. Pegues, *pro se*.

Paul G. Summers, Attorney General & Reporter; Rachel E. Willis, Assistant Attorney General, for the appellee, the State of Tennessee.

## MEMORANDUM OPINION

On November 22, 1991, the Petitioner was convicted of felony murder and sentenced to life in prison.  *See State v. Willie L. Pegues*, No. 02C01-9202-CR-00040 (Tenn. Crim. App. at Jackson, Mar. 9, 1994), *perm. to appeal denied*, (Tenn. July 5, 1994).  The judgment of conviction was affirmed on appeal.  *Id.*  The Petitioner filed a petition for post-conviction relief in 1995, which was denied by the trial court.  This court affirmed the decision of the trial court and concluded that the Petitioner received the effective assistance of counsel.  *Willie L. Pegues v. State*, No. 02C01-9705-

1

CR-00182 (Tenn. Crim. App. at Jackson, Apr. 1, 1998), *perm. to appeal denied*, (Tenn. Feb. 1, 1999).

On October 12, 2005, the Petitioner filed a petition for habeas corpus relief in the Hardeman County Circuit Court. As grounds for relief, the Petitioner alleged that his conviction was void because his indictment for first degree felony murder was defective. The trial court summarily denied habeas corpus relief on October 20, 2005, finding that the Petitioner's sentences have not expired and that the trial court had jurisdiction and the authority to sentence the Petitioner to the sentence he received. A timely notice of appeal document was filed on November 21, 2005.

The State has filed a motion requesting that this Court affirm the lower court's denial of habeas corpus relief pursuant to Rule 20, Rules of Tennessee Court of Criminal Appeals. As grounds for its motion, the State asserts that the Petitioner failed to state a colorable claim for habeas corpus relief.

In this state, habeas corpus relief only addresses detentions that result from void judgments or expired sentences. *See Archer v. State* , 851 S.W.2d 157, 164 (Tenn. 1993). A judgment is void "only when '[i]t appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." *Hickman v. State*, 153 S.W.3d 16, 20 (Tenn. 2004) (*quoting State v. Ritchie*, 20 S.W.3d 624, 630 (Tenn. 2000) (citations omitted)). The petitioner bears the burden of establishing either a void judgment or an illegal confinement by a preponderance of the evidence. *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App.1994), *superceded by statute as stated in State v. Steven S. Newman*, No. 02C01-9707-CC-00266 (Tenn. Crim. App. at Jackson, Mar. 11, 1998). If the petitioner carries this burden, he is entitled to immediate relief. However, where the allegations in a petition for writ of habeas corpus do not demonstrate that the judgment is void, a trial court may correctly dismiss the petition without a hearing. *McLaney v. Bell*, 59 S.W.3d 90, 93 (Tenn.2001) (citing T.C.A. § 29-21-109 (2000); *see, e.g.*, *Archer,* 851 S.W.2d at 164 (parenthetical omitted)). The Petitioner does not contend that his sentences have expired; thus, he is only entitled to relief if his judgments are void.

Although in most instances a challenge to the sufficiency of an indictment is not a proper claim to raise in a habeas corpus proceeding, *see Haggard v. State*, 4 Tenn. Crim. App. 620, 475 S.W.2d 186, 187-88 (Tenn. Crim. App. 1971), "the validity of an indictment and the efficacy of the resulting conviction may be addressed in a petition for habeas corpus when the indictment is so defective as to deprive the court of jurisdiction." *Dykes v. Compton*, 978 S.W.2d 528, 529 (Tenn. 1998). An indictment is sufficient if it contains the elements of the offense which is intended to be charged, it adequately apprises the accused of the offense he is called upon to defend, the trial judge knows to what offense he must apply to the judgment, and the accused knows with accuracy to what

extent he may plead a former acquittal or conviction in a future prosecution for the same offense. *See generally Jackson v. Virginia*, 443 U.S. 307, 314, 99 S. Ct. 2781 (1979).[1]

On appeal, the Petitioner presents the issue of whether "the trial court of Shelby County Criminal Court lacked jurisdiction to try [the Petitioner] for the offense of robbery." As suggested by the Petitioner's brief, the Petitioner argues that he was tried for the offense of robbery under the felony murder count "because robbery is alleged in the felony murder count" of the indictment. The Petitioner follows with the argument that the trial court

> lacked jurisdiction to try him for the offense of robbery, that based on the face of the record or the underlying trial proceedings upon which the judgment is rendered, was prejudicial per se, because the rational[e] [sic] is that the resulting conviction is void because there is not an indictment or separate and distinct count pursuant to the provisions of Tenn. R. Crim. P. 8(a), charging him with the offense of robbery.

We reject both the facts and the reasoning of the Petitioner's argument. The Petitioner was neither charged, tried, nor convicted of robbery. As such, the Petitioner is not under the legal restraint of a conviction for robbery, which is the prerequisite for obtaining habeas corpus relief. There is no requirement that a defendant who is charged with first degree felony murder also be charged in a separate count of the indictment with the attempt or perpetration of the underlying felony or crime supporting the felony murder prosecution. Finally, as this court has observed, although "a felony murder indictment must allege that the killing was committed during the perpetration of a felony," there is no requirement that "the specific allegations of the elements and facts of the underlying felony" must be included in the charging instrument. *Carlos L. Rice v. David Mills, Warden*, No. W2005-01800-CCA-R3-HC (Tenn. Crim. App. at Jackson, Feb. 23, 2006) (citing *Robert Howell v. Tony Parker, Warden*, No. W2005-00521-CCA-R3-HC (Tenn. Crim. App. at Jackson, June 27, 2005), *perm. to appeal denied*, (Tenn. Dec. 5, 2005). This issue is without merit.

We conclude that the Petitioner has failed to establish that he is entitled to habeas corpus relief. He has alleged neither a facially invalid judgment nor an expired sentence. Accordingly, it is ordered that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
**DAVID G. HAYES, JUDGE**

---

[1]In this regard, we note that the indictment, which is the subject of this appeal, is not included in the record. It is the Petitioner's duty to prepare a record which conveys a complete account of what transpired in the lower court with respect to the issue presented on appeal and failure to do so may result in waiver of that issue. *See* Tenn. R. App. P. 24(b).