# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## RAIN THOMAS CHESHER v. STEPHEN DOTSON, WARDEN

**Direct Appeal from the Circuit Court for Hardeman County**
**No. 08-02-0306     Joseph H. Walker, III, Judge**

---

**No. W2008-00739-CCA-R3-HC  - Filed August 22, 2008**

---

The petitioner, Rain Thomas Chesher, appeals the Hardeman County Circuit Court's summary dismissal of his petition for writ of habeas corpus. The State has filed a motion requesting that this court affirm the lower court's denial of relief pursuant to Rule 20 of the Rules of the Court of Criminal Appeals. Because the petitioner has failed to demonstrate that his conviction is void, we conclude that the State's motion is well-taken. Accordingly, we affirm the lower court's summary dismissal of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

ALAN E. GLENN, J., delivered the opinion of the court, in which J.C. McLIN and CAMILLE R. McMULLEN, JJ., joined.

Rain Thomas Chesher, Whiteville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; and Sophia S. Lee, Assistant Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

### FACTS

In May 2000, the petitioner was convicted of first degree premeditated murder and sentenced to life imprisonment. Thereafter, this court affirmed the petitioner's conviction on appeal and our supreme court denied permission to appeal. State v. Rain Thomas Chesher, No. W2000-01701-CCA-R3-CD, 2001 WL 524063 (Tenn. Crim. App. May 14, 2001), perm. to appeal denied (Tenn. Oct. 1, 2001). On March 19, 2008, the petitioner filed a *pro se* petition for writ of habeas corpus in the Hardeman County Circuit Court, alleging that his conviction was void because the trial court erroneously instructed the jury. The habeas court summarily dismissed the petition on March 25, 2008, without the appointment of counsel or an evidentiary hearing, concluding that habeas corpus relief was not appropriate because the petitioner's sentence had not expired and the trial court had

jurisdiction to sentence the petitioner. The petitioner filed a timely notice of appeal to this court on April 7, 2008.

## ANALYSIS

The petitioner asserts that his conviction is void because the lower court erred: (1) in failing to instruct the jury that murder is a result of conduct only offense and that the nature of the conduct is inconsequential; (2) in its instructions to the jury on the lesser-included offenses of first degree murder; (3) in giving the jury instructions that permitted a conviction without a unanimous verdict; (4) by using the Pattern Jury Instruction to charge the jury; and (5) in its instruction to the jury on the element of premeditation. The petitioner also asserts that "[t]he State used erroneous definitions for the Mens Rea and appropriate conduct elements of the offense of First Degree Murder to obtain an indictment."

The determination of whether to grant habeas corpus relief is a question of law. See Hickman v. State, 153 S.W.3d 16, 19 (Tenn. 2004). The Tennessee Constitution guarantees a convicted criminal defendant the right to seek habeas corpus relief. See Tenn. Const. art. I, § 15. However, the grounds upon which habeas corpus relief will be granted are very narrow. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). A petition for habeas corpus relief may only be granted when the judgment is shown to be void, rather than merely voidable. Id. A judgment is void only when it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered that the convicting court was without jurisdiction or authority to sentence a defendant or that a defendant's sentence has expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). On the other hand, a voidable judgment or sentence is one which is facially valid and which requires evidence beyond the face of the judgment or the record of the proceedings to establish its validity. Taylor, 995 S.W.2d at 83.

A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000). Furthermore, it is permissible for a court to summarily dismiss a habeas corpus petition, without the appointment of counsel and without an evidentiary hearing, if there is nothing on the face of the record or judgment to indicate that the convictions or sentences addressed therein are void. Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994), superceded by statute as stated in State v. Steven S. Newman, No. 02C01-9707-CC-00266, 1998 WL 104492, at *1 n.2 (Tenn. Crim. App. Mar. 11, 1998).

In this case, the petitioner has not met his burden of proving that his conviction is void. We first note that the petitioner's arguments all rely on this court's decision in State v. Page, 81 S.W.3d 781 (Tenn. Crim. App. 2002), as the "current case law . . . at trial" even though Page was not decided until almost two years after the petitioner's trial. Moreover, the petitioner's challenges to the jury instructions, even if proven, would render his conviction voidable, not void. See Ronald Eugene Gilmore v. Kenneth Locke, Warden, No. M2005-01235-CCA-R3-HC, 2006 WL 1097493, at *4 (Tenn. Crim. App. Mar. 30, 2006) ("'Erroneous jury instructions meet none of the . . . requirements

for habeas corpus relief. The only method of collaterally attacking the judgment because of constitutional deprivations occasioned by erroneous jury instructions is by petition for post conviction relief.'") (quoting Willie Edward Thornton v. Raney, No. 02C01-9302-CC-00025, 1994 WL 25827, at *1 (Tenn. Crim. App. Jan. 26, 1994)); John Haws Burrell v. Howard Carlton, Warden, No. E2004-01700-CCA-R3-HC, 2005 WL 544732, at *2 (Tenn. Crim. App. Mar. 8, 2005) (concluding that petitioner's argument that trial court provided erroneous instructions to jury, even if true, "would merely render the convictions voidable, not void"), perm. to appeal denied (Tenn. June 20, 2005); Vance McCaslin v. State, No. 01C01-9611-CC-00480, 1998 WL 44919, at *1 (Tenn. Crim. App. Feb. 5, 1998) ("As a general rule, neither erroneous jury instructions nor the ineffective assistance of counsel entitle a petitioner to habeas corpus relief. Even if taken as true, such allegations only render a conviction voidable, not void."), perm. to appeal denied (Tenn. Nov. 9, 1998).

Likewise, the petitioner's challenge to the underlying indictment does not entitle him to habeas corpus relief. We note that in most instances a challenge to the sufficiency of an indictment is not a proper claim to raise in a habeas corpus proceeding. See Haggard v. State, 475 S.W.2d 186, 187-88 (Tenn. Crim. App. 1971). However, "the validity of an indictment and the efficacy of the resulting conviction may be addressed in a petition for *habeas corpus* when the indictment is so defective as to deprive the court of jurisdiction." Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998). "A valid indictment is an essential jurisdictional element, without which there can be no prosecution." Id. (citations omitted). In this case, the indictment charging the petitioner with first degree premeditated murder, in pertinent part, reads: "That RAIN THOMAS CHESHER, . . . On or about the 29th DAY OF JUNE, 1999, . . . did intentionally and with premeditation kill CHERYL FAIN, thereby committing the offense of FIRST DEGREE MURDER, in violation of T.C.A. 39-13-202(a)(1), against the peace and dignity of the State of Tennessee." Our supreme court has held that reference to the appropriate statute provides notice to the defendant of the applicable mens rea, notice of the offense upon which to enter the judgment, and protection from subsequent prosecution on the same offense. See State v. Carter, 988 S.W.2d 145 (Tenn. 1999). The indictment in this case also meets the requirements of Tennessee Code Annotated section 40-13-202.

## CONCLUSION

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. See Tenn. Ct. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. Accordingly, it is ordered that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

ALAN E. GLENN, JUDGE