IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs March 9, 2005

## MICHAEL KEITH KENNEDY v. KEVIN MYERS, WARDEN

**Direct Appeal from the Circuit Court for Wayne County**
**No. 13403     Robert L. Jones, Judge**

---

**No. M2004-01722-CCA-R3-HC - Filed July 26, 2005**

---

The petitioner, Michael Keith Kennedy, entered pleas of nolo contendere in Chester County and in Henderson County to aggravated burglary, possession of marijuana, and numerous counts of burglary of an automobile, theft, and vandalism. The petitioner received a total effective sentence of fifteen years incarceration in the Tennessee Department of Correction. Subsequently, the petitioner filed a petition for a writ of habeas corpus. The habeas corpus court summarily denied the petition, and the petitioner appeals the denial. Upon our review of the record and the parties' briefs, we affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and JOHN EVERETT WILLIAMS, JJ., joined.

Michael Keith Kennedy, Clifton, Tennessee, Pro se.

Paul G. Summers, Attorney General and Reporter; Richard H. Dunavant, Assistant Attorney General; and T. Michael Bottoms, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

### I.  Factual Background

On December 4, 2001, the petitioner entered a plea of nolo contendere to one count of aggravated burglary, a Class C felony, and one count of theft of property valued less than $500, a Class A misdemeanor. The petitioner was sentenced as a persistent offender to fifteen years for the aggravated burglary conviction and eleven months and twenty-nine days for the theft conviction, with the sentences to be served concurrently. These charges originated in Chester County.

Also on December 4, 2001, the appellant pled nolo contendere to the following Henderson County offenses:  three counts of theft of property valued between $1,000 and $10,000, a Class D

felony; five counts of burglary of an automobile, a Class E felony; two counts of theft of property valued between $500 and $1,000, a Class E felony; vandalism of property valued between $500 and $1,000, a Class E felony; two counts of theft of property valued less than $500, a Class A misdemeanor; two counts of vandalism of property valued less than $500, a Class A misdemeanor; and one count of possession of a Schedule IV controlled substance, a Class A misdemeanor. The appellant received a sentence of twelve years for each of his Class D felony convictions, a sentence of six years for each of his Class E felony convictions, and a sentence of eleven months and twenty-nine days for each of his misdemeanor convictions. Additionally, the trial court ordered the appellant to pay restitution in connection with his burglary of an automobile convictions. The trial court ordered that the Henderson County sentences were to be served concurrently with each other and with the Chester County sentences for a total effective sentence of fifteen years.

The petitioner reserved a certified question of law in connection with his plea. On appeal, this court concluded that we did not have jurisdiction as to three of the Henderson County offenses because the question was not dispositive as to those offenses. See State v. Michael Kennedy, No. W2001-03107-CCA-R3-CD, 2003 WL 402798, at *1 (Tenn. Crim. App. at Jackson, Feb. 21, 2003). This court affirmed the remainder of the appellant's convictions. Id.

Thereafter, the petitioner pursued both post-conviction and habeas corpus relief. This court determined that the petitioner's notice of appeal was not timely filed in connection with his habeas corpus case, and we dismissed his appeal. See Michael K. Kennedy v. State, No. W2004-00178-CCA-R3-HC, 2005 WL 331367, at *1 (Tenn. Crim. App. at Jackson, Feb. 11, 2005). In his post-conviction case, this court remanded certain issues for an evidentiary hearing and determined that the petitioner was not entitled to relief on the remainder of his issues. See Michael Keith Kennedy v. State, No. W2003-02824-CCA-R3-PC, 2005 WL 645164 (Tenn. Crim. App. at Jackson, Mar. 16, 2005).

Subsequently, the petitioner filed in the Wayne County Circuit Court the instant petition for habeas corpus relief from his convictions for burglary of an automobile, alleging that the trial court was without the authority to impose restitution in conjunction with his sentence of confinement. Additionally, the petitioner complains that his convictions and sentences for burglary of an automobile were void because the indictments failed to allege that the victims suffered financial loss. The habeas corpus court summarily dismissed the petition for habeas corpus relief, and the petitioner now appeals.

## II. Analysis

Initially, we note that the determination of whether to grant habeas corpus relief is a question of law. McLaney v. Bell, 59 S.W.3d 90, 92 (Tenn. 2001). As such, we will review the trial court's findings de novo without a presumption of correctness. Id. Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, "that the sentence is void or that the confinement is illegal." Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000). Further, a trial court may properly summarily dismiss a petition for habeas corpus relief for failure to state a cognizable claim.

Passerella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

Article I, § 15 of the Tennessee Constitution guarantees an accused the right to seek habeas corpus relief. See Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). However, "[s]uch relief is available only when it appears from the face of the judgment or the record of the proceedings that a trial court was without jurisdiction to sentence a defendant or that a defendant's sentence of imprisonment or other restraint has expired." Wyatt, 24 S.W.3d at 322; see also Tenn. Code Ann. § 29-21-101 (2000). In other words, habeas corpus relief may be sought only when the judgment is void, not merely voidable. Taylor, 995 S.W.2d at 83. "A void judgment 'is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired.' We have recognized that a sentence imposed in direct contravention of a statute, for example, is void and illegal." Stephenson v. Carlton, 28 S.W.3d 910, 911 (Tenn. 2000) (citations omitted).

The petitioner cites State v. Davis, 940 S.W.2d 558, 562 (Tenn. 1997), to support his contention that the trial court was not authorized to impose restitution as part of a sentence involving confinement. In Davis, our supreme court concluded that at the time defendant Davis was sentenced, the trial court was without the authority to impose a sentence including both restitution and confinement. Id. However, the Davis court noted that, effective July 1, 1996, after the sentencing of Davis, our legislature amended Tennessee Code Annotated section 40-35-104(c)(2) to permit restitution in conjunction with a sentence involving confinement. Id. at 561 n.6. The petitioner insists that, regardless of the 1996 amendment to Tennessee Code Annotated section 40-35-104(c)(2), the trial court was nevertheless without authority to impose restitution along with his sentence of confinement. Tennessee Code Annotated section 40-35-104 (1996) provides:

> (C)    The following sentencing alternatives in any appropriate combination are authorized for defendants otherwise eligible under this chapter:
>
> . . . .
>
> (2)  Payment of restitution to the victim or victims either alone or in addition to any other sentence authorized by this subsection;
>
> . . . .
>
> (8)  A sentence of continuous confinement in the department if the conviction is for a felony and the sentence is at least one (1) year. . . .

Because the petitioner's offenses occurred in August 2000, the 1996 amendment authorizing the sentences imposed by the trial court, namely restitution combined with confinement, had been

in effect for some time. Accordingly, the petitioner is not entitled to relief on this issue. See Edwin Matthew Bryant v. Flora J. Holland, Warden, No. M2003-02838-CCA-R3-HC, 2005 WL 839294, at *2 (Tenn. Crim. App. at Nashville, Apr. 7, 2005); State v. Delaney E. Marcum, No. M2001-02257-CCA-R3-CD, 2002 WL 1585641, at *2 (Tenn. Crim. App. at Nashville, July 18, 2002).

The petitioner also complains that his convictions and sentences for burglary of an automobile were void because the indictments failed to allege that the victims suffered financial loss. Generally, the sufficiency of an indictment is not a proper subject for habeas corpus review. See Haggard v. State, 475 S.W.2d 186, 187 (Tenn. Crim. App. 1971). "However, if an indictment fails to state an offense, the subsequent conviction on the defective indictment is void because no crime is before the court and because the court lacks jurisdiction." Arzolia Charles Goines v. Warden Glen Turner, No. W2003-02281-CCA-R3-HC, 2004 WL 2113042, at *1 (Tenn. Crim. App. at Jackson, Sept. 22, 2004). Accordingly, if the indictment does not properly charge an offense, thereby depriving the convicting court of jurisdiction, "that indictment may be challenged in a habeas corpus proceeding." Id.

The statute defining burglary of an automobile does not provide that the amount of the property taken is an element of that offense. See Tenn. Code Ann. § 39-14-402(a)(4) (1997). Accordingly, it was not necessary for the amount of property taken to be alleged in the indictments charging the appellant with burglary of an automobile. Thus, the indictments in this case were not void. Therefore, the petitioner is not entitled to relief on this issue.

Finally, the petitioner has raised additional issues relating to the imposition of restitution. However, our review reveals that none of the remaining issues render his convictions or sentences void. Notably, the remainder of the issues raised by the petitioner are properly the subject of a direct appeal. See Tenn. Code Ann. § 40-30-106(g) (2003) ("A ground for relief is waived if the petitioner personally or through an attorney failed to present it for determination in any proceeding before a court of competent jurisdiction in which the ground could have been presented."). Accordingly, the petitioner is not entitled to relief.

### III. Conclusion

Based upon the foregoing, we affirm the judgment of the habeas corpus court.

_____
NORMA McGEE OGLE, JUDGE

-4-