IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

## CARLOS L. RICE v. DAVID MILLS, WARDEN

**Direct Appeal from the Circuit Court for Lauderdale County
No. 5981    Joe H. Walker, Judge**

---

**No. W2005-01800-CCA-R3-HC  - Filed February 23, 2006**

---

The Petitioner, Carlos L. Rice, appeals the lower court's denial of his petition for habeas corpus relief.  The State has filed a motion requesting that this Court affirm the trial court pursuant to Rule 20, Rules of the Court of Criminal Appeals.  The Petitioner has failed to allege any ground that would render the judgment of conviction void.  Accordingly, we affirm the trial court's dismissal.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

DAVID G. HAYES, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS AND ALAN E. GLENN, JJ.  joined.

Carlos L. Rice, pro se.

Paul G. Summers, Attorney General & Reporter; Mark A. Fulks, Assistant Attorney General, for the appellee, the State of Tennessee.

### MEMORANDUM OPINION

On February 23, 1996, the Petitioner, Carlos L. Rice, entered guilty pleas to one count of felony murder and one count of attempt to commit second degree murder.  *See Carlos Rice v. State*,

1

No. W2004-02043-CCA-R3-PC, 2005 WL 940570, *1 (Tenn. Crim. App., at Jackson, Apr. 22, 2005), *perm. to appeal denied*, (Tenn. Oct. 10, 2005). For these offenses, the Petitioner received an effective sentence of life imprisonment. *Id.* No direct appeal was taken. Petitioner later sought post-conviction relief, which was denied. *Id.* In July 2004, Petitioner filed a motion to reopen his post-conviction petition, which essentially was a second petition for post-conviction relief. *Id.* This motion was denied and this Court affirmed the lower court's denial. *Id.*

In July 2005, the Petitioner filed an application for habeas corpus relief in the Lauderdale County Circuit Court. As grounds for relief, the Petitioner alleged that his sentences were imposed in violation of *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004), which he alleged created a new constitutional rule of law. The Petitioner further alleged that his convictions were void because the trial court was without jurisdiction to enter a judgment of conviction for an offense which the Petitioner was not indicted and for an offense that was not a lesser included offense to the indicted offense. The trial court summarily denied habeas corpus relief, finding that the Petitioner's sentences have not expired and that the criminal court had jurisdiction or authority to sentence a defendant to the sentence he received. A timely notice of appeal document was filed on July 28, 2005. The Petitioner is currently confined in the West Tennessee State Penitentiary in Henning, Tennessee.

The State has filed a motion requesting that this Court affirm the lower court's denial of habeas corpus relief pursuant to Rule 20, Rules of the Tennessee Court of Criminal Appeals. As basis for its motion, the State asserts that the Petitioner failed to state a colorable claim for habeas corpus relief.

In this state, habeas corpus relief only addresses detentions that result from void judgments or expired sentences. *See Archer,* 851 S.W.2d at 164. A judgment is void "only when '[i]t appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." *Hickman v. State,* 153 S.W.3d 16, 20 (Tenn. 2004) (quoting *State v. Ritchie,* 20 S.W.3d 624, 630 (Tenn. 2000) (citations omitted)). The petitioner bears the burden of establishing either a void judgment or an illegal confinement by a preponderance of the evidence. *Passarella v. State,* 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). If the petitioner carries this burden, he is entitled to immediate relief. However, where the allegations in a petition for writ of habeas corpus do not demonstrate that the judgment is void, a trial court may correctly dismiss the petition without a hearing. *McLaney v. Bell,* 59 S.W.3d 90, 93 (Tenn. 2001) (citing T.C.A. § 29-21-109 (2000); *see, e.g., Archer,* 851 S.W.2d at 164 (parenthetical omitted)). The Petitioner does not contend that his sentences have expired, thus, he is only entitled to relief if his judgments are void.

In the present case, the trial court found that the petition failed to allege any ground demonstrating that the judgment was void. We agree; his claim that his convictions or sentences are void as he was sentenced in violation of *Blakely v. Washington* fails as, even if such a violation had

occurred, the violation would only render the judgment voidable, not void.[1] *See Earl David Crawford v. Ricky Bell,* No. M2004-02440-CCA-R3-HC, 2005 WL 354106, *1 (Tenn. Crim. App., at Nashville, Feb. 15, 2005). Thus, the Petitioner's claim is not cognizable in a habeas corpus proceeding. Where the allegations in a petition for writ of habeas corpus relief do not demonstrate that the judgment is void, the trial court may properly dismiss the petition without a hearing. *McLaney,* 59 S.W.3d at 93.

Next, the Petitioner contends that the trial court was without jurisdiction to enter judgment upon the Petitioner's plea of guilty to an offense for which he was neither charged nor was a lesser included offense of the indicted charge. Specifically, the Petitioner contends that he was indicted for the offense of first degree felony murder, to wit attempted aggravated robbery, but entered a guilty plea to the offense of "murder first degree perpetration of robbery." The Petitioner contends that this was an enhanced offense as it was not charged in the indictment and it is not a lesser included offense of attempted aggravated robbery. Accordingly, he asserts the judgment of conviction is void. The State asserts in its motion that this argument may not be raised on appeal as it was not first raised before the trial court. A review of the petition for habeas corpus relief reveals that the Petitioner did include this issue in his pleadings submitted to the trial court. This claim is now properly before this Court.

Although in most instances a challenge to the sufficiency of an indictment is not a proper claim to raise in a habeas corpus proceeding, *see Haggard v. State*, 4 Tenn. Crim. App. 620, 475 S.W.2d 186, 187-88 (Tenn. Crim. App. 1971), "the validity of an indictment and the efficacy of the resulting conviction may be addressed in a petition for habeas corpus when the indictment is so defective as to deprive the court of jurisdiction." *Dykes v. Compton*, 978 S.W.2d 528, 529 (Tenn. 1998). An indictment is sufficient if it contains the elements of the offense which is intended to be charged, it adequately apprises the accused of the offense he is called upon to defend, the trial judge knows to what offense he must apply the judgment, and the accused knows with accuracy to what extent he may plead a former acquittal or conviction in a future prosecution for the same offense. *See generally Jackson v. Virginia*, 443 U.S. 307, 314, 99 S. Ct. 2781 (1979). Again, the Petitioner contends that the trial court was without jurisdiction to enter a conviction for felony murder committed during the perpetration of a robbery because the indictment only charged him with felony murder committed during the attempt to perpetrate a robbery. This Court has, on prior occasions, held that a felony murder indictment must allege that the killing was committed during the perpetration of a felony, but specific allegations of the elements and facts of the underlying felony

---

[1]

Regarding Petitioner's *Blakely* claim, we acknowledge that, while a claim alleging a constitutional violation may be raised in a petition for post-conviction relief, *see* T.C.A. § 40-30-103, the Petitioner is statutorily time-barred from seeking such relief in the instant case. *See* T.C.A. § 40-30-102(a). Although certain circumstances, including a final ruling of an appellate court establishing a new constitutional right, permit the tolling of the statute of limitations, *see, e.g.,* T.C.A. § 40-30-102(b)(1), the United States Supreme Court's holding in *Blakley v. Washington* fails to afford the Petitioner a ground for post-conviction relief as the *Blakley* decision is not to be given retroactive application. *See State v. Gomez*, 163 S.W.3d 632 (Tenn.), *reh'g denied*, (2005); *Earl David Crawford v. State*, No. M2004-02440-CCA-R3-HC, 2005 WL 354106, *1; *see also Isaac Herron v. State,* No. W2004-02533-CCA-R28-PC (Tenn. Crim. App., at Jackson, Nov. 22, 2004) (*order*).

are unnecessary. *See Robert Howell v. Tony Parker, Warden*, No. W2005-00521-CCA-R3-HC, 2005 WL 1541825, at * 2 (Tenn. Crim. App., at Jackson, Jun. 27, 2005), *perm. to appeal denied*, (Tenn. Dec. 5, 2005). Additionally, the indictment referenced the statute defining the offense. This has been held to satisfy the constitutional and statutory requirements of *Hill*. *See State v. Sledge*, 15 S.W.3d 93, 95 (Tenn. 2000); *State v. Carter*, 988 S.W.2d 145, 149 (Tenn. 1999); *Ruff v. State*, 978 S.W.2d 95, 100 (Tenn. 1998). The trial court had subject matter jurisdiction to accept the Petitioner's guilty pleas. *See Studdard v. State*, – S.W.3d –, 2005 WL 2192279, at *2 (Tenn. 2005); *Yoreck v. State*, 133 S.W.3d 606 (Tenn. 2004). Finally, we note that the offense of felony murder committed during the perpetration of a robbery and the felony murder committed during the attempt to perpetrate a robbery are the same offense. Thus, no jurisdictional defect exists to void the Petitioner's convictions.

We conclude that the Petitioner has failed to establish that he is entitled to habeas corpus relief. He has alleged neither a facially invalid judgment nor an expired sentence. Accordingly, it is ordered that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
DAVID G. HAYES, JUDGE