# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

## GARY ALDRIDGE v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Wayne County**
**No. 14183**

---

**No. M2007-01268-CCA-R3-HC - Filed December 3, 2007**

---

The Appellant, Gary Aldridge, appeals the trial court's dismissal of his petition for habeas corpus relief. The Appellant fails to assert a cognizable claim for which habeas corpus relief may be granted. Accordingly, the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

JERRY L. SMITH, J., delivered the opinion of the court, in which, DAVID H. WELLES, and ROBERT W. WEDEMEYER, JJ. joined.

Gary Aldridge, pro se.

Robert E. Cooper, Jr., Attorney General & Reporter; Elizabeth B. Marney, Assistant Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

In 1997, the Appellant was convicted of one count of aggravated kidnapping, two counts of aggravated rape, one count of rape, and two counts of assault. The Appellant was sentenced to sixty years in prison. See State v. Gary Eugene Aldridge, No. 01C01-9802-CC-00075, 1999 WL 632299 (Tenn. Crim. App., Aug. 19, 1999). On March 7, 2007, the Appellant filed a petition for habeas corpus relief alleging that the criminal indictment entered against him was defective and that, as a result, he is being unlawfully restrained. The trial court dismissed the petition without a hearing. The Appellant appealed, and the State has filed a motion to affirm pursuant to Rule 20, Rules of the Court of Criminal Appeals.

Although the Appellant presented a claim below regarding the legality of the indictment, his brief on appeal only challenges the trial court's summary dismissal without appointing counsel. Although there is no federal or state constitutional right to the appointment of counsel in habeas corpus proceedings, a trial court has the statutory duty to appoint counsel, "if necessary." See John C. Tomlinson v. State, No. M2001-02152-CCA-R3-CO, 2002 WL 1400051 (Tenn. Crim. App. at Nashville, June 28, 2002) (citing Coleman v. Thompson, 501 U.S. 722, 755 (1991) and Tenn. Code Ann. § 40-14-204)). Appointment of counsel is not necessary merely because a petition is filed,

rather appointment of counsel is necessary where the petition alleges facts that would justify relief and the petitioner is deemed indigent. Id. (citing Tenn. Sup. Ct. R. 13, § 1(d)(4)). In the instant case, the trial court concluded that the Appellant was not entitled to habeas corpus relief on the claim presented. Although the Appellant does not challenge the trial court's specific ruling, for the reasons stated below, we find that the Appellant is not entitled to relief on his sole claim that appointment of counsel was necessary in this case.

Article I, Section 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief, and Tennessee Code Annotated Sections 29-21-101 et seq. codify the applicable procedures for seeking such a writ. However, the grounds upon which our law provides relief are very narrow. McLaney v. Bell, 59 S.W.3d 90, 92 (Tenn. 2001). Habeas corpus relief is available in this state only when it appears on the face of the judgment or the record of the proceedings that the trial court was without jurisdiction to convict or sentence the defendant or that the sentence of imprisonment has otherwise expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). In other words, habeas corpus relief may only be sought when the judgment is void, not merely voidable. Taylor v. State, 995 S.W.2d 78, 83(Tenn. 1999). "[W]here the allegations in a petition for writ of habeas corpus do not demonstrate that the judgment is void, a trial court may correctly dismiss the petition without a hearing." McLaney, 59 S.W.3d at 93. A petitioner cannot collaterally attack a facially valid conviction in a habeas corpus proceeding. Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992); State ex rel. Holbrook v. Bomar, 364 S.W.2d 887, 888 (Tenn. 1963). Unlike a post-conviction petition, the purpose of a habeas corpus petition is to contest a void, not merely voidable, judgment. State ex rel. Newsome v. Henderson, 424 S.W.2d 186, 189 (Tenn. 1968).

Although in most instances a challenge to the sufficiency of an indictment is not a proper claim to raise in a habeas corpus proceeding, see Haggard v. State, 475 S.W.2d 186, 187-88 (Tenn. Crim. App.1971), "the validity of an indictment and the efficacy of the resulting conviction may be addressed in a petition for habeas corpus when the indictment is so defective as to deprive the court of jurisdiction." Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn.1998). An indictment meets constitutional requirements if it provides sufficient information: (1) to enable the accused to know the accusation to which an answer is required, (2) to furnish the court an adequate basis for the entry of a proper judgment; and (3) to protect the accused from double jeopardy. State v. Hill, 954 S.W.2d 725, 727 (Tenn. 1997). In addition, an indictment must state the facts of the offense in ordinary and concise language "in such a manner as to enable a person of common understanding to know what is intended." See Tenn. Code Ann. § 40-13-202.

The trial court determined that indictment is "facially regular, showing no defect, much less a jurisdictional one." Having reviewed the indictment contained in the record on appeal, we cannot conclude that the trial court erred in its assessment. The Appellant, therefore, is not entitled to relief on his claim that the trial court erred in summarily dismissing the petition without appointing counsel. Accordingly, the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
JERRY L. SMITH, JUDGE