IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs October 18, 2011

## TYRONE E. MONTGOMERY v. RICKY BELL, WARDEN

**Direct Appeal from the Criminal Court for Davidson County**
**No. 4232      Mark J. Fishburn, Judge**

**No. M2010-02397-CCA-R3-HC - Filed March 8, 2012**

The petitioner, Tyrone E. Montgomery, appeals the Davidson County Criminal Court's summary dismissal of his pro se petition for the writ of habeas corpus seeking relief from his first degree murder conviction and life sentence. On appeal, the petitioner contends that the trial court erred and that his conviction is void because: (1) the indictments did not allege the "knowingly" and "intentionally" mental states; (2) the trial court improperly instructed the jury on premeditation and felony murder; (3) he was charged with "Murder By Use of A Firearm" but convicted of first degree felony murder, a crime for which he did not have proper notice from the indictment; and (4) his judgment of conviction is facially invalid and void. Following review of the record, we conclude that the trial court properly dismissed the petition and affirm the judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which JOSEPH M. TIPTON, P.J. and JEFFREY S. BIVINS, J., joined.

Tyrone E. Montgomery, Wartburg, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; Mark A. Fulks, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; and Rob McGuire, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**Procedural History**

In June 1986, a Hamilton County jury convicted the petitioner of first degree premeditated murder, and the petitioner was sentenced to life imprisonment. The petitioner appealed his conviction to this court, alleging that the evidence was insufficient to sustain his conviction because he shot the victim accidentally. This court stated that the facts underlying the conviction as follows:

> The defendant first complains that the evidence was insufficient to support his conviction. The State's evidence showed that on December 24, 1985, the victim and his wife had visited some relatives on Signal Mountain and were returning home when the victim decided to drive through the "projects" in Chattanooga in order to purchase some [marijuana]. The car which they were driving was a late-model, red Camaro.

> As the victim arrived in the vicinity of 47th and Cain Streets, several people, including the defendant and his codefendant, Joe Williams, approached the car, ostensibly to sell [marijuana]. The others left and the defendant proceeded to try to sell the victim a bag of [marijuana]. Codefendant Williams remained near the car.

> The victim's wife testified that her husband was not satisfied with the "nickel bag" [the] defendant gave him for $5.00 so he gave it back. The defendant said he would get him a better bag and turned away from the car. The defendant had a gun in his hand when he turned back around. At this point, Williams put a gun to the victim's neck and tore off his necklace. In the meantime, the defendant leaned in the car on the driver's side and tried to take the car keys. About this time, another car came up behind the victim's car. Williams stepped back and put his gun down at his side. The defendant kept his gun pointed at the victim, and when the victim accelerated his car, the defendant shot him once in the head. The car lurched forward and crashed in a ditch.

> The eyewitness who was driving the car which came up behind the victim's car testified that he saw two men near the red car, heard a shot, and saw the car quickly accelerate.

> The medical testimony showed that the victim sustained a gunshot wound to the left temple. The trajectory of the bullet from the point of entry was "about ten degrees downward."

> The defendant testified that the shooting was accidental. He sold

[marijuana], and he claimed that he had the gun because buyers would try to drive off with his bags of [marijuana] without paying for them. On this occasion, he did not threaten the victim with the gun. However, before the shooting, he saw codefendant Williams holding a gun to the victim's neck. He had his own gun in his coat pocket and had his hand on it. When the victim's car accelerated and swerved toward him, he lost his balance and accidentally shot him.

On cross-examination, the defendant said he had the gun in his coat pocket, then stated it could have been in his pants pocket, and then stated that he could not remember whether it was his coat or pants pocket. He admitted that when he had the gun in his pocket, it was cocked.

*State v. Tyrone Montgomery*, C.C.A. No. 999, 1987 WL 9536, at *1 (Tenn. Crim. App. at Knoxville, Apr. 16, 1987), *perm. app. denied* (Tenn. June 8, 1987). This court concluded that the evidence presented was, in fact, sufficient to sustain the petitioner's conviction, stating:

The jury accredited the testimony of the State's witnesses and correctly rejected the defendant's accident theory. The evidence, as we have summarized, does not comport with the defendant's theory that the shooting was accidental. The trajectory of the bullet in a downward direction negates the defendant's claim that the gun was in his pocket when it was fired.

On November 11, 2007, the Petitioner filed a writ of habeas corpus in the United States Federal District Court. On January 9, 2008, the District Court dismissed the petition as untimely filed. *Tyrone Elliott Montgomery v. Ricky Bell, Warden*, No. 1:07-cv-289 (E.D. Tenn., Jan. 9, 2008).

On April 28, 2010, the petitioner filed a petition for habeas corpus relief, alleging that his convictions were void. He asserted that he was indicted for the charge of "Murder By Use of Firearm" but convicted of first degree premeditated murder. He further asserted that the indictment failed to specify the requisite mental elements of "Knowingly" and "Intentionally." The petitioner also contended that the trial court improperly instructed the jury on felony murder when there was no evidence of a felony being committed at the time of the murder.

The habeas court, by written order, summarily dismissed the petition on October 11,

2010. The petitioner timely appeals that decision. On appeal, he contends that: (1) the indictments did not allege the "knowingly" and "intentionally" mental states; (2) the trial court improperly instructed the jury on premeditation and felony murder; (3) he was charged with "Murder By Use of A Firearm" but convicted of first degree felony murder, a crime for which he did not have proper notice from the indictment; and (4) his judgment of conviction is facially invalid and void.

**Analysis**

The determination of whether habeas corpus relief is proper is a question of law, subject to *de novo* review on appeal, without a presumption of correctness given to the findings of the lower court. *Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007) (citing *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000); *State v. Livingston*, 197 S.W.3d 710, 712 (Tenn. 2006)).

> Habeas corpus relief is available in Tennessee "only when it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered" that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired.

*Id.* (quoting *Archer v. State*, 851 S.W.2d 157, 164 (Tenn.1993)).

"[A] habeas corpus petition is used to challenge void and not merely voidable judgments." *Summers*, 212 S.W.3d at 255-56. "A void judgment is one that is facially invalid because the court did not have the statutory authority to render such judgment." *Id.* at 256 (citing *Dykes v. Compton*, 978 S.W.2d 528, 529 (Tenn. 1998)). On the other hand, a "voidable judgment is one that is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity." *Id.* "The petitioner has the burden of establishing by a preponderance of the evidence that his judgment is void or that his term of imprisonment has expired." *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). "If the petitioner establishes by a preponderance of the evidence that his conviction is void or that his term of imprisonment has expired, he is entitled to immediate release." *Id.*

A trial court is not required, as a matter of law, to grant the writ or conduct an inquiry into the allegations contained in the petition. T.C.A. § 29-21-109 (2010). If the petition fails on its face to state a cognizable claim, it may be summarily dismissed by the trial court. *State ex. Rel. Byrd v. Bomar*, 381 S.W.2d 280, 283 (Tenn. 1964); *see also* T.C.A. § 29-21-109 (2010). "If from the showing of the petitioner, the plaintiff would not be entitled to any relief, the writ may be refused." T.C.A. § 29-21-109 (2010).

## Indictment

The petitioner first contends that his indictment was fatally defective because he was indicted for first degree felony murder but convicted of first degree premeditated murder. He notes that his indictment did not allege that he committed the murder "knowingly" or "intentionally," as would be required for a first degree premeditated murder conviction.

Although, in most instances, a challenge to the sufficiency of an indictment is not a proper claim to raise in a habeas corpus proceeding, *see Haggard v. State*, 475 S.W.2d 186, 187-88 (Tenn. Crim. App. 1971), "the validity of an indictment and the efficacy of the resulting conviction may be addressed in a petition for habeas corpus when the indictment is so defective as to deprive the court of jurisdiction." *Dykes*, 978 S.W.2d at 529. An indictment meets constitutional requirements if it provides sufficient information to: (1) enable the accused to know the accusation to which an answer is required, (2) furnish the court an adequate basis for the entry of a proper judgment; and (3) protect the accused from double jeopardy. *State v. Hill*, 954 S.W.2d 725, 727 (Tenn. 1997). In addition, an indictment must state the facts of the offense in ordinary and concise language "in a manner so as to enable a person of common understanding to know what is intended." T.C.A. § 40-13-202 (2006).

In the instant case, the indictment read:

> THE GRAND JURORS for the State aforesaid, being duly summoned, elected, impaneled, sworn and charged to inquire for the body of the County aforesaid, upon their oaths present:

> That Tyrone Montgomery and Joe Frank Williams heretofore on the 24th day of December, 1985, in the County aforesaid, did unlawfully, feloniously, willfully, deliberately, maliciously, premeditatedly and of malice aforethought assault, kill and murder William Clemons, by the use of a firearm, to-wit: a pistol, against the peace and dignity of the State.

This indictment provided the petitioner with the offense charged, namely that the petitioner premeditatedly killed the victim. Further, by listing the date of the offense, by naming the victim, and by describing the offense, the indictment provided the trial court with an adequate basis to enter the judgment and also protected the petitioner from double jeopardy. The indictment's failure to list the *mens rea* of "intentionally" and "knowingly" does not make it fatally defective. The petitioner is not entitled to relief on this issue.

## Jury Instructions

-5-

The petitioner contends that the trial court improperly instructed the jury on felony murder when the petitioner was not charged with an underlying felony. This court has previously stated, "Erroneous jury instructions meet none of the . . . requirements for habeas corpus relief. The only method of collaterally attacking the judgment because of constitutional deprivations occasioned by erroneous jury instructions is by petition for post conviction relief." *Willie Edward Thornton v. Fred Raney, Warden*, No. 02C01-9302-CC-00025, 1994 WL 25827, at *1 (Tenn. Crim. App. at Jackson, Jan. 26, 1994). In other words, such an error, if one existed, does not render the petitioner's conviction void. Therefore, the petitioner is not entitled to habeas corpus relief on this basis.

### Felony Murder

The petitioner asserts he was charged with "Murder By Use of A Firearm" but convicted of first degree felony murder, a crime for which he did not have proper notice from the indictment. As previously stated, our review of the indictment indicates that the petitioner had proper notice of the charge for which he was ultimately convicted.

### Judgment of Conviction

The petitioner finally cursorily asserts that his judgment of conviction is facially invalid and void. Our review indicates that the judgment is not facially invalid or void.

Following our review of the record, we conclude that the habeas corpus court properly determined that summary dismissal was proper and so indicated in its order of dismissal. The petitioner is entitled to no relief.

### Conclusion

Based upon the foregoing, the denial of habeas corpus relief is affirmed.

_____
JOHN EVERETT WILLIAMS, JUDGE