IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 9, 2014

## MARVIN GREEN v. AVRIL CHAPMAN, WARDEN

**Appeal from the Circuit Court for Wayne County**
**No. 15370     Jim T. Hamilton, Judge**

---

**No. M2013-02715-CCA-R3-HC - Filed May 14, 2014**

---

The pro se petitioner, Marvin Green, appeals the dismissal of two petitions for habeas corpus relief. He was sentenced to fifteen years under the Drug Free School Zone Act. He argues that he is a standard offender and should be released after service of thirty percent of the sentence, and he alleges errors in his indictment. Finding no error, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOE H. WALKER, III, SP.J., delivered the opinion of the Court, in which JOHN EVERETT WILLIAMS and ROBERT W. WEDEMEYER, JJ., joined.

Marvin Magay James Green, Clifton, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel West Harmon, Senior Counsel, Criminal Justice Division; and Mike Bottoms, District Attorney General, for the appellee, State of Tennessee.

## OPINION

Petitioner entered a plea of guilty January 9, 2008, to the charge of possession with the intent to sell or deliver .5 grams or more of cocaine within one thousand feet of a school zone, a Class A felony. He was sentenced to the minimum sentence of 15 years. He was sentenced under Tennessee Code Annotated section 39-17-432, Drug Free School Zone. The

judgment form indicates a "mandatory minimum sentence length: 15 years," as provided in the statute.

Petitioner sought habeas corpus relief alleging that he is a standard offender and should be released upon service of thirty percent of his sentence. He asserted that the convicting court imposed the incorrect sentence because he should be eligible for release after 4.5 years, which, according to his calculation, equals thirty percent of his sentence. He asserts the sentence is completed and he is entitled to relief.

Petitioner filed a second petition for habeas relief alleging errors in the indictment. The trial court dismissed both petitions without a hearing, finding that Petitioner is not eligible for release after thirty percent of fifteen years, the indictment is not defective, and the petitioner was properly convicted of a Class A felony.

## ANALYSIS

Whether habeas corpus relief should be granted is a question of law. *Benson v. State*, 153 S.W.3d 27, 31 (Tenn. 2004). Therefore, our review is de novo with no presumption of correctness given to the lower court's judgment.

The grounds upon which habeas corpus relief is available are narrow. *Hickman v. State*, 153 S.W.3d 16, 20 (Tenn. 2004). A petitioner is entitled to habeas corpus relief only if the petition establishes that the challenged judgment is void, rather than merely voidable. *Id.*; *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). A judgment is void "only when it appears on the face of the judgment or the record of the proceedings upon which the judgment is rendered that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." *State v. Ritchie*, 20 S.W.3d 624, 630 (Tenn. 2000) (citations omitted). A void or illegal sentence is one whose imposition directly contravenes a statute. *Stephenson v. Carlton*, 28 S.W.3d 910, 911 (Tenn. 2000). A voidable conviction or sentence is valid on its face and requires evidence beyond the face of the record or judgment to demonstrate its invalidity. *Taylor*, 995 S.W.2d at 83 (citations omitted). A trial court may dismiss a habeas corpus petition without a hearing if the petition fails to establish that the challenged judgment is void. Tenn. Code Ann. § 29-21-109 (2000); *Hickman*, 153 S.W.3d at 20.

Petitioner entered a plea of guilty to a felony drug offense in a school zone, which elevated the offense to a Class A felony and required full service of the minimum sentence. T.C.A. § 39-17-432. The judgment sheet reflects that Petitioner received the sentence required by statute. The fact that Petitioner is a standard offender goes to the sentence range, not release eligibility. His claim that he must be released after service of thirty percent must

fail.

Petitioner also alleges the indictment was not sufficient. Typically, challenges to an indictment are not proper for a habeas corpus action. *See Haggard v. State*, 4 Tenn. Crim. App. 620, 475 S.W.2d 186, 187-88 (Tenn. Crim. App. 1971). However, our supreme court has held that "the validity of an indictment and the efficacy of the resulting conviction may be addressed in a petition for habeas corpus when the indictment is so defective as to deprive the court of jurisdiction." *Dykes v. Compton*, 978 S.W.2d 528 (Tenn. 1998). It is undisputed that a valid indictment is essential to establish jurisdiction for prosecution. *Id*. Generally, an indictment is valid if the information contained therein provides sufficient information "(1) to enable the accused to know the accusation to which answer is required, (2) to furnish the court adequate basis for the entry of a proper judgment, and (3) to protect the accused from double jeopardy." *State v. Hill*, 954 S.W.2d 725, 727 (Tenn. 1997). An indictment satisfies statutory requirements when it:

> state[s] the facts constituting the offense in ordinary and concise language, without prolixity or repetition, in such a manner as to enable a person of common understanding to know what is intended, and with that degree of certainty which will enable the court, on conviction, to pronounce the proper judgment[.]

Tenn. Code Ann. § 40-13-202 (1997).

The indictment in the instant case states:

<u>POSSESSION OF OVER ½ GRAM OF COCAINE FOR SALE OR DELIVERY</u>

<u>WITHIN 1000' OF A SCHOOL</u>

. . .

The Grand Jurors for Sullivan County, Tennessee, being duly empanelled and sworn, upon their oath present that [THE PETITIONER] on or about August 18, 2006, in the State and County aforesaid did unlawfully, feloniously, and knowingly possess with intent to sell or deliver point five (.5) gram or more of a substance containing Cocaine, a Schedule II Controlled Substance, within one thousand feet (1000') of the real property comprising a public elementary school, to wit: Andrew Jackson Elementary School, contrary to T.C.A. 39-17-417 and 39-14-432, a Class A felony, and against the peace and dignity of the State of Tennessee.

We conclude that the instant indictment satisfied all of the required criteria. The indictment included the date and location of the offense and the amount of cocaine Petitioner was alleged to have possessed with the intent to sell or deliver. These facts were sufficient to

make Petitioner aware of the accusation he would be required to answer to and furnished the court with an adequate basis for the entry of a proper judgment. Further, because Petitioner committed a drug offense within 1000 feet of a school zone, he is required to serve one hundred percent of his fifteen-year sentence and is not eligible for release after only serving thirty percent of his sentence. Therefore, Petitioner is not entitled to habeas corpus relief.

**CONCLUSION**

For the foregoing reasons, we affirm the judgment of the trial court in the summary dismissal of the petitions.

_____

JOE H. WALKER, III, SPECIAL JUDGE