IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs October 3, 2017

**JULIUS PERKINS v. MIKE PARRIS, WARDEN**

**Appeal from the Circuit Court for Lake County**
**No. 16-CR-10262    R. Lee Moore, Jr., Judge**

_____

**No. W2016-02341-CCA-R3-HC**

_____

The Petitioner, Julius Perkins, appeals the Lake County Circuit Court's summary denial of his petition for a writ of habeas corpus, seeking relief from his conviction of first degree felony murder and resulting life sentence. On appeal, the Petitioner alleges that his conviction is void because of a faulty indictment and that the court erred by dismissing his petition without appointing counsel. Based upon the record and the parties' briefs, we affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ALAN E. GLENN, JJ., joined.

Julius Perkins, Mountain City, Tennessee, Pro se.

Herbert H. Slatery III, Attorney General and Reporter; Robert W. Wilson, Assistant Attorney General; and C. Phillip Bivens, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I.  Factual Background**

In March 2002, the Davidson County Grand Jury indicted the Petitioner for first degree premeditated murder and first degree felony murder. With regard to the felony murder charge, the indictment alleged that on December 9, 2001, the Petitioner "did kill **Ron Palmer** during the perpetration of or attempt to perpetrate **robbery**, in violation of Tennessee Code Annotated § 39-13-202, and against the peace and dignity of the State of Tennessee." In October 2002, a jury found the Petitioner guilty of that offense but acquitted him of first degree premeditated murder. This court affirmed the Petitioner's

conviction on direct appeal, <u>State v. Julius Q. Perkins</u>, No. M2003-01761-CCA-R3-CD, 2005 WL 49339 (Tenn. Crim. App. at Nashville, Jan. 6, 2005), <u>perm. app. denied</u>, (Tenn. Oct. 31, 2005), and the post-conviction court's denial of his petition for post-conviction relief, <u>Julius Perkins v. State</u>, No. M2011-00522-CCA-R3-PC, 2012 WL 1484193 (Tenn. Crim. App. at Nashville, Apr. 24, 2012), <u>perm. app. denied</u>, (Tenn. Aug. 15, 2012).

On September 29, 2016, the Petitioner filed a pro se petition for a writ of habeas corpus, asserting that he was entitled to relief because the indictment failed to allege that he committed first degree felony murder "with the intent to commit the enumerated offense[]" as required by the felony murder statute or, in the alternative, failed to cite the statutory subsections for first degree felony murder, Tennessee Code Annotated section 39-13-202(a)(2) and (b). The Petitioner also asserted that he was entitled to relief because the indictment failed to cite the statutory code for the underlying felony of robbery and failed to charge him with a separate count of robbery. The Petitioner claimed that the indictment was so defective as to deprive the trial court of jurisdiction, thus, rendering his conviction void. In support of his claim, he attached the indictment to the petition. On October 25, 2016, the habeas corpus court summarily denied the petition, stating that the indictment "does not appear to be void or illegal."

## II. Analysis

The determination of whether to grant habeas corpus relief is a question of law. <u>Summers v. State</u>, 212 S.W.3d 251, 255 (Tenn. 2007). As such, we will review the trial court's findings de novo without a presumption of correctness. <u>Id.</u> Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, "that the sentence is void or that the confinement is illegal." <u>Wyatt v. State</u>, 24 S.W.3d 319, 322 (Tenn. 2000).

Article I, section 15 of the Tennessee Constitution guarantees an accused the right to seek habeas corpus relief. <u>See</u> <u>Taylor v. State</u>, 995 S.W.2d 78, 83 (Tenn. 1999). However, "[s]uch relief is available only when it appears from the face of the judgment or the record of the proceedings that a trial court was without jurisdiction to sentence a defendant or that a defendant's sentence of imprisonment or other restraint has expired." <u>Wyatt</u>, 24 S.W.3d at 322; <u>see also</u> Tenn. Code Ann. § 29-21-101. In other words, habeas corpus relief may be sought only when the judgment is void, not merely voidable. <u>Taylor</u>, 995 S.W.2d at 83. "A void judgment 'is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired.' We have recognized that a sentence imposed in direct contravention of a statute, for example, is void and illegal." <u>Stephenson v. Carlton</u>, 28 S.W.3d 910, 911 (Tenn. 2000) (quoting <u>Taylor</u>, 995 S.W.2d at 83).

Typically, challenges to an indictment are not proper for a habeas corpus action. Haggard v. State, 475 S.W.2d 186, 187-88 (Tenn. Crim. App. 1971). However, our supreme court has held that "the validity of an indictment and the efficacy of the resulting conviction may be addressed in a petition for habeas corpus when the indictment is so defective as to deprive the court of jurisdiction." Dykes v. Compton, 978 S.W.2d 528, (Tenn. 1998). It is undisputed that a valid indictment is essential to establish jurisdiction for prosecution. Id. Generally, an indictment is valid if the information contained therein provides sufficient information "(1) to enable the accused to know the accusation to which answer is required, (2) to furnish the court adequate basis for the entry of a proper judgment, and (3) to protect the accused from double jeopardy." State v. Hill, 954 S.W.2d 725, 727 (Tenn. 1997). Moreover, our supreme court has concluded that there is no need to conform to traditionally strict pleading requirements which are fraught with empty technicalities. Id. at 727-28.

The Petitioner maintains on appeal that the indictment was fatally defective because it (1), failed to allege that he committed first degree felony murder "with the intent to commit the enumerated offense" of robbery or, in the alternative, failed to cite the statutory subsections for first degree felony murder, Tennessee Code Annotated section 39-13-202(a)(2) and (b); (2), failed to cite the statutory code for the underlying felony of robbery; and (3), failed to charge him with a separate count of robbery. As noted by the State, though, this court addressed similar claims in Edgar Bailey, Jr. v. Dwight Barbee, Warden, No. W2012-01729-CCA-R3-HC, 2013 WL 865329, at *4 (Tenn. Crim. App. at Jackson, Mar. 5, 2013). In that case, this court "observed 'that a felony murder indictment must allege that the killing was committed during the perpetration of a felony, but specific allegations of the elements and facts of the underlying felony are unnecessary.'. . . The State [is] not required to charge the elements of robbery or cite to those statutes in the indictment." (quoting State v. Alfonzo E. Anderson, No. W2000-00737-CCA-R3-CO, 2002 WL 1558491, at *2 (Tenn. Crim. App. at Jackson, Jan. 9, 2002). Moreover, when a petitioner has been indicted for felony murder committed during the commission of a robbery, "the requisite intent can be gleaned from the robbery statute." Id.

Like the indictment in Edgar Bailey, Jr., the indictment in the present case tracked the language of the felony murder statute, specifically referred to the statute, named the underlying felony, stated the date of the offense, and identified the victim; thus, it satisfied the constitutional and statutory requirements of Hill. Id. Accordingly, the Petitioner was notified of the offense charged, and the habeas corpus court properly denied the petition. See id.

- 3 -

The Petitioner also contends that the court erred by dismissing his petition without appointing counsel. However, a petition that fails to state a cognizable claim may be summarily dismissed by the habeas corpus court "without appointment of counsel, without an evidentiary hearing, and without the opportunity to amend the petition, if, from the face of the petition, the reviewing court finds nothing to indicate that the appellant's challenged convictions might be void." Earl Thomas Mitchell, Jr. v. Howard Carlton, Warden, No. 03C01-9704–CR-0125, 1998 WL 8505, at *2 (Tenn. Crim. App. at Knoxville, Jan. 12, 1998) (citing Tenn. Code Ann. § 29-21-109). Therefore, the court did not err by summarily denying the petition.

### III.  Conclusion

Based upon the record and the parties' briefs, we affirm the judgment of the habeas corpus court.

_____
NORMA MCGEE OGLE, JUDGE