IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE

**ADRIAN D. WILKERSON v. MICHAEL PARRIS, WARDEN ET AL.**

**Appeal from the Criminal Court for Morgan County**
**No. 2018-CR-17     Jeffery Hill Wicks, Judge**

_____

**No. E2018-01440-CCA-R3-HC**

_____

The Appellant, Adrian D. Wilkerson, appeals as of right from the Morgan County Criminal Court's judgment summarily denying his petition for a writ of habeas corpus. The State has filed a motion to dismiss this appeal due to an untimely notice of appeal or, alternatively, affirm by memorandum opinion the judgment of the habeas corpus court. Following our review, we conclude that the interest of justice requires a waiver of the timely filing of the notice of appeal and, therefore, deny the State's motion to dismiss. We further conclude, however, that an opinion in this case would have no precedential value and affirm the judgment of the habeas corpus court pursuant to Rule 20 of the Rules of the Tennessee Court of Criminal Appeals.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**
**Pursuant to Rule 20, Rules of the Court of Criminal Appeals.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which D. KELLY THOMAS, JR. and ROBERT H. MONTGOMERY, JR., JJ., joined.

Adrian D. Wilkerson, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; and Clark B. Thornton, Senior Assistant Attorney General.

**MEMORANDUM OPINION**

Before the court is the State's motion to dismiss this appeal based upon the untimely filing of the notice of appeal or, alternatively, affirm by memorandum opinion the judgment of the habeas corpus court. The pro se Appellant seeks an appeal as of right from the habeas corpus court's summary denial of relief. The habeas corpus court's

order denying relief was filed on June 20, 2018. The Appellant filed a notice of appeal with this court on August 8, 2018, forty-nine days after the entry of the habeas corpus court's judgment. The Appellant, however, attempted to file a notice of appeal with the trial court clerk on July 19, 2018. The Appellant has not filed a response to the State's motion.

Tennessee Rule of Appellate Procedure 4(a) provides that "the notice of appeal required by Rule 3 shall be filed with the clerk of the appellate court within 30 days after the date of entry of the judgment." Tenn. R. App. P. 4(a). "[H]owever, in all criminal cases the 'notice of appeal' document is not jurisdictional and the timely filing of such document may be waived in the interest of justice." Id. The appellant bears the burden of establishing when the interest of justice mandates waiver of the timely filing of the notice of appeal. State v. Kevin Montrell Thompson, E2016-01565-CCA-R3-CD, 2017 WL 262701, at *2 (Tenn. Crim. App. Jan. 20, 2017). That said, the Appellant has not responded to the State's motion to dismiss. See State v. Rockwell, 280 S.W.3d 212, 214 (Tenn. Crim. App. 2007) (encouraging litigants to file a motion seeking permission to waive the timely filing of a notice of appeal or motion to dismiss prior to assignment to the court for consideration). Although the notice of appeal filed with the appellate court clerk was untimely, we note that the Appellant's attempted filing with the trial court clerk would have been considered timely prior to the expiration of the Rule 4 transitional period just weeks before the due date of the notice of appeal. Furthermore, the August 8, 2018 filing with the appellate court clerk was only nineteen days late. Under these circumstances, we conclude that a waiver of the timeliness of the notice of appeal is warranted. Therefore, the State's motion to dismiss the appeal is DENIED. We further conclude, however, that an opinion in this case would have no precedential value and affirm by memorandum opinion the judgment of the habeas corpus court. See Tenn. Ct. Crim. App. R. 20.

**Factual Background**

The Appellant was convicted by a Davidson County Criminal Court jury of especially aggravated robbery, theft of property valued over $1,000, and first degree felony murder. The trial court imposed a total effective sentence of life plus twenty-nine years. On direct appeal, this court affirmed the Appellant's convictions but modified the sentence to a total effective sentence of life plus twenty-five years. State v. Adrian Wilkerson and Steven Murphy, No. 01C01-9610-CR-00419, 1998 WL 538551 (Tenn. Crim. App. Aug. 26, 1998) (designated not for citation), perm. app. denied (Tenn. Sept. 18, 2000). The Appellant unsuccessfully pursued post-conviction relief, the denial of which was affirmed by this court. Adrian Wilkerson v. State, No. M2001-02295-CCA-R3-PC, 2002 WL 1558521 (Tenn. Crim. App. July 16, 2002), perm. app. denied (Tenn. Dec. 9, 2002). The Appellant filed a subsequent petition for post-conviction relief, the

summary denial of which was affirmed by this court.  Adrian Wilkerson v. State, No. M2015-00420-CCA-R3-PC, 2015 WL 5240043 (Tenn. Crim. App. Sept. 8, 2015), perm. app. denied (Tenn. Dec. 10, 2015).  The Appellant filed his first petition for a writ of habeas corpus, alleging ineffective assistance of counsel and jury instruction error.  This court affirmed by memorandum opinion the habeas corpus court's order summarily denying relief.  Adrian Wilkerson v. State, M2003-01385-CCA-R3-HC, 2004 WL 2599458 (Tenn. Crim. App. Nov. 12, 2004), perm. app. denied (Tenn. Feb. 25, 2005).  The Appellant filed a second petition for a writ of habeas corpus, alleging once again that the trial court erroneously instructed the jury on lesser included offenses.  This court affirmed by memorandum opinion the habeas corpus court's summary denial of relief.  Adrian Wilkerson v. State, No. E2007-00382-CCA-R3-HC, 2008 WL 793784 (Tenn. Crim. App. Mar. 26, 2008).  In his third petition for a writ of habeas corpus, the Appellant alleged that the trial court failed to properly enter judgments in the especially aggravated robbery and theft convictions.  While noting the judgments of conviction originally included "transposed" sentences that were properly corrected by the habeas corpus court pursuant to Tennessee Rule of Criminal Procedure 36, this court affirmed the habeas corpus court's summary denial of relief.  Adrian Wilkerson v. State, E2007-02453-CCA-R3-HC, 2008 WL 4949227 (Tenn. Crim. App. Nov. 20, 2008).

On April 25, 2018, the Appellant filed his fourth petition for a writ of habeas corpus.  This time, the Appellant alleged that the trial court was without jurisdiction to enter the judgments of conviction based upon a fatally defective indictment.  The Appellant asserted that the indictment was fatally defective because the first degree felony murder count only alleged robbery as the requisite felony offense, rather than especially aggravated robbery as charged in a separate count.  On June 18, 2018, the State filed a motion to dismiss the petition.  On June 20, 2018, the habeas corpus court summarily denied relief, ruling that the indictment was sufficient to vest the trial court with jurisdiction to enter judgment against the Appellant.

## Analysis

The determination of whether to grant habeas corpus relief is a question of law.  Summers v. State, 212 S.W.3d 251, 255 (Tenn. 2007).  As such, we will review the trial court's findings de novo without a presumption of correctness.  Id.  Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, "that the sentence is void or that the confinement is illegal."  Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000).

Article I, section 15 of the Tennessee Constitution guarantees an accused the right to seek habeas corpus relief.  See Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999).  However, "[s]uch relief is available only when it appears from the face of the judgment

or the record of the proceedings that a trial court was without jurisdiction to sentence a defendant or that a defendant's sentence of imprisonment or other restraint has expired." Wyatt, 24 S.W.3d at 322; see also Tenn. Code Ann. § 29-21-101. In other words, habeas corpus relief may be sought only when the judgment is void, not merely voidable. Taylor, 995 S.W.2d at 83. "A void judgment 'is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired.' We have recognized that a sentence imposed in direct contravention of a statute, for example, is void and illegal." Stephenson v. Carlton, 28 S.W.3d 910, 911 (Tenn. 2000) (quoting Taylor, 995 S.W.2d at 83).

Typically, challenges to an indictment are not proper for a habeas corpus action. Haggard v. State, 475 S.W.2d 186, 187-88 (Tenn. Crim. App. 1971). However, our supreme court has held that "the validity of an indictment and the efficacy of the resulting conviction may be addressed in a petition for [a writ of] habeas corpus when the indictment is so defective as to deprive the court of jurisdiction." Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998). It is undisputed that a valid indictment is essential to establish jurisdiction for prosecution. Id. Generally, an indictment is valid if the information contained therein provides sufficient information "(1) to enable the accused to know the accusation to which answer is required, (2) to furnish the court adequate basis for the entry of a proper judgment, and (3) to protect the accused from double jeopardy." State v. Hill, 954 S.W.2d 725, 727 (Tenn. 1997). Moreover, our supreme court has concluded that there is no need to conform to traditionally strict pleading requirements which are fraught with empty technicalities. Id. at 727-28.

The Petitioner maintains on appeal that the indictment was fatally defective because the first degree felony murder charge failed to allege that the murder was committed in the perpetration of an especially aggravated robbery. As this court has stated "the felony murder statute *generally* states the requisite underlying felonies associated with its application. Necessarily included in the list of requisite felonies is any other grade of the same felony." State v. Steven Wayne Wilson, No. M2011-00004-CCA-R3CD, 2012 WL 3041451, at *16 (Tenn. Crim. App. July 25, 2012), perm. app. denied (Tenn. Dec. 13, 2012). The indictment in this case automatically encompassed a murder committed in the perpetration of an especially aggravated robbery, and there is no requirement that the enhanced class be charged in the indictment. Therefore, "the indictment sufficiently vested the court with jurisdiction and the resulting judgment of conviction is valid." Dykes, 978 S.W.2d at 529. The Appellant's additional argument that he was somehow illegally convicted of first degree premeditated murder via a constructive amendment to the indictment is not supported by the record. We conclude that the habeas corpus court did not err in dismissing the petition.

- 4 -

## **Conclusion**

We affirm the judgment of the trial court pursuant to Rule 20 of the Rules of the Tennessee Court of Criminal Appeals.


_____

NORMA MCGEE OGLE, JUDGE